PAUL, Appellant,

v.

UNIROYAL PLASTICS COMPANY, INC., Appellee.

[Cite as *Paul v. Uniroyal Plastics Co.* (1988), 62 Ohio App.3d 277.]

Court of Appeals of Ohio,
Ottawa County.

No. OT–88–17.

Decided Dec. 2, 1988.

*Mark F. Vitou,* for appellant.

*Susan B. Nelson* and *James R. Jeffery,* for appellee.

*Per Curiam.*

This matter is before the court on appeal from the March 18, 1988 judgment of the Ottawa County Court of Common Pleas granting summary judgment in favor of appellee, Uniroyal Plastics Company.

Appellant, Merle Paul, Jr., initiated this action to recover for injuries which he suffered as a result of a fall that occurred on appellee's premises. The accident occurred on April 8, 1986, when appellant, an experienced truck driver, was delivering cargo to appellee's plant. While appellant was attempting to open the jammed trailer doors of his truck, he fell and suffered extensive injuries. Appellant alleges that appellee was negligent in failing to maintain the parking lot surface and thereby avoiding the possibility that trailer doors could jam. Appellee responds that it did not have, nor should it have had, any reason to know that the condition of the parking lot caused trailer doors to jam. Furthermore, appellee argues that appellant was fully aware of the risk he was exposed to.

The trial court granted appellee's motion for summary judgment, agreeing with appellee's contentions. Thereupon, appellant filed this timely appeal and asserts the following sole assignment of error:

"The trial court erred in granting defendant-appellee's motion for summary judgment as a genuine issue of material fact exists as to the means chosen by plaintiff-appellant in dislodging the doors of his tractor-trailer."

■ Summary judgment is a procedural device engineered to expeditiously and economically dispose of legal claims which have no factual foundation. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–2555, 91 L.Ed.2d 265, 276. Underpinning this device is a belief that litigation should be promptly terminated whenever there is nothing to try. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 2, 433 N.E.2d 615, 616. This case presents a prime example of when summary judgment is the proper course of action.

■ Today, the standard for rendering summary judgment is equated with that used for directed verdict: whether there is but one reasonable conclusion as to the verdict when the evidence is construed most strongly in the non-moving party's favor. *Celotex, supra*, 477 U.S. at 323, 106 S.Ct. at 2552–2553, 91 L.Ed.2d at 273–274; *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212–213; and *Keister v. Park Centre Lanes* (1981), 3 Ohio App.3d 19, 21, 3 OBR 20, 22, 443 N.E.2d 532, 535. Furthermore, unique to summary judgment is the question of whether there is a genuine issue as to a material fact which must be decided by the jury. *Rayburn v. J.C. Penney Outlet Store* (1982), 3 Ohio App.3d 463, 464, 3 OBR 544, 545, 445 N.E.2d 1167, 1169.

■ Generally, the complexity of a summary judgment motion lies not in application of these standards, but in determining whether each party has produced sufficient evidence to substantiate its contentions. In this case, appellant argues that the issue is the inferences to be drawn from the facts. However, the real issue is whether appellant presented sufficient evidence to support his claims.

■ Under Civ.R. 56(C), the moving party has the burden to persuade the court that no genuine issue of material fact exists and, therefore, that the moving party is entitled to summary judgment as a matter of law. *Celotex, supra*, 477 U.S. at 330, 106 S.Ct. at 2556, 91 L.Ed.2d at 278 (Brennan, J., dissenting). However, the moving party need only identify, by specific reference to the record and not in conclusory terms, those aspects of the non-moving party's claim that are unsupported by the evidence or supported by insufficient evidence. *Id.* at 323, 106 S.Ct. at 2552–2553, 91 L.Ed.2d at 273–

274. The moving party need not introduce affirmative evidence to refute the non-moving party's claims. Instead, if the moving party does not bear the burden of proof at trial, he may merely point to the lack of sufficient evidence in the record to support the non-moving party's claim. *Id.* at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274–275.

In response to the motion for summary judgment, the non-moving party may not rely on his pleadings if he bears the burden of proof at trial. *Id.* at 325, 106 S.Ct. at 2553–2554, 91 L.Ed.2d at 275. Instead, the non-moving party must produce evidence, in some form permitted by Civ.R. 56(C), sufficient to justify the court's conclusion that a reasonable jury could properly render a verdict in his favor. *Anderson v. Liberty Lobby, Inc., supra,* 477 U.S. at 255–256, 106 S.Ct. at 2513–2514, 91 L.Ed.2d at 216–217. The non-moving party need not try his case at this level, but he must produce more than a mere scintilla of evidence to support his claims. *Id.* at 252, 106 S.Ct. at 2512, 91 L.Ed.2d at 214. Furthermore, if the moving party has demonstrated that the non-moving party's claim is factually implausible, then the non-moving party must produce more persuasive evidence to support his claim. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.* (1986), 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552. The non-moving party may not rely on isolated facts to support his claim. Rather, he must show that the evidence as a whole substantiates his claim. *Id.* If the non-moving party has not had sufficient opportunity to discover relevant facts, he may rely upon Civ.R. 56(F) to obtain more time to do so.

It is axiomatic that when the court considers the evidence presented with regard to summary judgment, it should not attempt to usurp the jury's role of assessing credibility, weighing the evidence, or drawing inferences. *Anderson v. Liberty Lobby, Inc., supra,* 477 U.S. at 242, 106 S.Ct. at 2507, 91 L.Ed.2d at 207–208. Rather, the court's function is to consider the evidence, in light of each party's evidentiary burden, to determine whether there is sufficient evidence to support the non-moving party's position that a jury could reasonably find in his favor. *Id.* If the evidence is sufficient, then a genuine issue of material fact remains to be resolved by a jury. Assessing the sufficiency of the evidence involves a qualitative, as well as a quantitative, analysis. *Matsushita Elec. Indus. Co., Ltd., supra,* 475 U.S. at 586, 106 S.Ct. at 1355–1356, 89 L.Ed.2d at 552. Therefore, in addition to considering the amount of evidence presented on an issue, the court must consider whether the evidence makes a party's claim plausible.

Thus, if the court is satisfied, after construing the evidence most strongly against the moving party, that there is no genuine issue of a material fact, that a reasonable jury could not render a verdict in the non-moving

party's favor, and, therefore, that the moving party is entitled to judgment as a matter of law, the court should grant summary judgment in favor of the moving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 75, 375 N.E.2d 46, 48.

With these general principles in mind, we turn to the facts of this case. The evidence discloses that when appellant was parking his trailer on appellee's lot, he noticed that the surface of the pavement was "broken up" and "obviously neglected." After parking the truck, appellant found that the trailer doors were jammed due to the uneven surface of the lot which caused the trailer to sit at an angle. Appellant knew, from past experience, that this could happen and normally carried a meat hook with him to pry the doors apart. However, earlier this day the hook had been stolen. Appellant was unable, however, to produce any evidence to refute appellee's evidence that appellee had no knowledge that the broken surface of the payment could cause trailer doors to jam. Three alternatives remained to enable appellant to open the doors, namely, moving the truck to an even surface, using a fork-lift to pry the doors apart, or, as appellant chose to do, pry the doors apart by pulling on them while bracing his foot against the bumper. When the door came open, appellant fell backward onto the pavement.

Undisputed in this case is the fact that the relationship between the parties was that of invitee and occupier of the premises. Under such a relationship, the occupier owes the invitee a duty to use reasonable care to protect the invitee from unreasonable harm from dangers of which the occupier is aware or reasonably should be. *Jackson v. Kings Island* (1979), 58 Ohio St.2d 357, 359, 12 O.O.3d 321, 323, 390 N.E.2d 810, 812, and *Cornell v. Aquamarine Lodge* (1983), 12 Ohio App.3d 148, 149, 12 OBR 471, 472, 467 N.E.2d 896, 897. However, the occupier owes no duty to protect the invitee from dangers which the invitee may reasonably discover and guard himself against. *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, paragraph one of the syllabus. See, also, *LaCourse v. Fleitz* (1986), 28 Ohio St.3d 209, 210, 28 OBR 294, 295, 503 N.E.2d 159, 160, and *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474. It is the occupier's superior knowledge of the danger that imposes a duty on him to make the premises reasonably safe or warn the invitee of the danger. *Debie v. Cochran Pharmacy–Berwick, Inc.* (1967), 11 Ohio St.2d 38, 40, 40 O.O.2d 52, 53, 227 N.E.2d 603, 606, and *LaCourse v. Fleitz, supra,* 28 Ohio St.3d at 210, 28 OBR at 296, 503 N.E.2d at 160–161.

The trial court below found that appellee did not have, nor should it have had, knowledge of the fact that the poor condition of its parking lot would cause trailer doors to jam. However, it did find that appellant was aware of

the cause of the door jam, but chose to pry the doors open in such a way as to create the greatest chance of injury to himself.

Appellant argues that it was improper for the court to determine whether appellant's conduct was unreasonable under the circumstances and, therefore, erroneously granted summary judgment. The question of whether appellant's conduct was reasonable, however, is irrelevant. It is merely the fact that appellant appreciated the danger that absolves appellee from the duty to protect appellant from injury. Even if appellant had chosen another means to pry the doors apart and had been injured, appellee would not necessarily be held liable.

Appellant also contends that the court erred by finding that appellee had no knowledge that the known distressed condition of the lot would cause trailer doors to jam. Appellant argues that a jury could reasonably find that appellee had a duty to maintain its parking lot to prevent any injury. This argument, however, simply ignores Ohio law. Appellee only has the duty to protect invitees from known dangers which are unknown to the invitee. Even if a jury could reasonably find that appellee should have known that the broken pavement could cause trailer doors to jam, there is no basis for finding that appellee's knowledge was superior to appellant's. In fact, appellant's own statements clearly substantiate the finding that appellant knew the danger and proceeded to act. Therefore, there is no additional facts upon which a jury could properly find in favor of appellant.

We find, therefore, that summary judgment was properly granted in appellee's favor. Consequently, appellant's sole assignment of error is found not well-taken.

The judgment of the Ottawa County Court of Common Pleas is hereby affirmed. The costs of this appeal are assessed against appellant pursuant to App.R. 24.

*Judgment affirmed.*

HANDWORK, P.J., CONNORS and GLASSER, JJ., concur.