GOTTAS, Appellant,

v.

CONSOLIDATED RAIL CORPORATION, INC., Appellee.

[Cite as *Gottas v. Consol. Rail Corp.* (1993), 89 Ohio App.3d 153.]

Court of Appeals of Ohio,
Summit County.

No. 16031.

Decided Aug. 11, 1993.

*Suzanne M. Gottas, pro se.*

*William Gibson,* for appellee.

REECE, Judge.

Plaintiff-appellant, Suzanne M. Gottas, appeals the trial court's decision granting defendant-appellee Consolidated Rail Corporation, Inc.'s ("Conrail's") motion for summary judgment. We affirm.

Gottas was employed as a Hudson police officer. On January 9, 1990, she was assigned to a police cruiser as a patrol officer. During her shift, she received a call advising her that there was a fuel leak from a derailed Conrail locomotive.

The leak occurred when the fuel tank of the locomotive was punctured by a broken rail.

Gottas appeared at the accident site, followed shortly thereafter by members of the Hudson Fire Department. Gottas located the leaking fuel which was "gushing" out of the punctured fuel tank. After examining the leak for a few minutes, Gottas left that area. However, Gottas' left shoe, pants and socks came in contact with the spilled diesel fuel while returning to her cruiser.

Gottas directed traffic for approximately forty minutes before continuing on her shift in the police cruiser. She did not open her window and she claims the fumes from the diesel fuel on her clothes caused her to become ill. This exposure to diesel fuel has caused Gottas' further injuries, although the extent of these injuries is in dispute..

Gottas filed a workers' compensation claim with the state for her injuries. Further, Gottas filed this suit, alleging negligence, on September 12, 1991. Conrail moved for summary judgment and the trial court granted that motion on November 6, 1992. Gottas appeals raising as her sole assignment of error the trial court's grant of summary judgment:

"The court of common pleas for Summit County, Ohio, erred in granting the defendant-appellee Conrail's motion for summary judgment as there exists many genuine issues of material fact that do not warrant but one conclusion when the evidence is reviewed by reasonable minds, and viewed in a light most favorable to the plaintiff-appellant, Suzanne Gottas, and, therefore, this case must proceed to jury trial to allow the finder of fact the opportunity to rightly decide the factual issues presented herein."

Pursuant to Civ.R. 56(C), summary judgment is proper if the trial court determines:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274; see, also, *Delker v. Ohio Edison Co.* (1989), 47 Ohio App.3d 1, 2, 546 N.E.2d 975, 976.

Gottas alleges the trial court erred in this case by applying the "fireman's rule" and, even if that rule applies, other negligent acts existed that caused her injuries.

■ In Ohio, the fireman's rule was first adopted in *Scheurer v. Trustees of Open Bible Church* (1963), 175 Ohio St. 163, 23 O.O.2d 453, 192 N.E.2d 38. That court stated:

"A policeman entering upon privately owned premises in the performance of his official duty without an express or implied invitation enters under authority of law and is a licensee.

"Where a policeman enters upon private premises in the performance of his official duties under authority of law and is injured, there is no liability, where the owner of the premises was not guilty of any willful or wanton misconduct or affirmative act of negligence; there was no hidden trap or violation of a duty prescribed by statute or ordinance (for the benefit of the policeman) concerning the condition of the premises; and the owner did not know of the policeman's presence on the premises and had no opportunity to warn him of the danger." *Id.* at paragraphs one and two of the syllabus.

Gottas asserts that the fireman's rule applies only in emergency situations. The only authority she cites for this proposition is *Scheurer.* However, the only reference in *Scheurer* to the existence of an emergency is that "[p]olicemen and firemen come on the premises at any hour of the day or night and usually because of an emergency * * *." *Id.,* 175 Ohio St. at 171, 23 O.O.2d at 458, 192 N.E.2d at 43. Thus, in *Scheurer* the court recognized that public officers enter property in nonemergency situations but nevertheless chose to apply the fireman's rule in instances involving the performance of official duties not in response to an emergency situation.

■ Public policy considerations also support applying the fireman's rule to officers performing their public duties. In order to ensure that these public officers are safeguarded against injuries that they may suffer, they are included in the workers' compensation system. *Scheurer, supra,* at 169–171, 23 O.O.2d at 456–457, 192 N.E.2d at 41–43. Thus, police and fire personnel injured while performing their official duties will be compensated. Rather than the burden of compensation coming from one negligent individual, it is provided by all the taxpayers, who receive the benefit of police and fire services. Accordingly, we find that the application of the fireman's rule is not limited to emergency situations.

■ Gottas also asserts that even if the fireman's rule applies, she is excluded from its application because Conrail was negligent in failing to warn her of the dangerous properties of diesel fuel. An exception to the fireman's rule exists which requires a property owner to warn firemen or police officers of any known danger. *Scheurer, supra.*

In this case, Gottas was warned that she would encounter diesel fuel at the accident site. She has not alleged that the diesel fuel in question contained any particular dangerous additives or was in any way different from ordinary diesel fuel. The injuries suffered by Gottas appear to be the result of her inhaling the diesel fuel's fumes when she was in her car with inadequate ventilation.

Under Ohio law, a landowner must warn visitors to his property of known dangers which are unknown to the visitor. *Paul v. Uniroyal Plastics Co.* (1988), 62 Ohio App.3d 277, 284, 575 N.E.2d 484, 488. Gottas was warned that she would encounter diesel fuel. That diesel fuel fumes are harmful is a matter of common knowledge. Gottas failed to take adequate precautions to safeguard herself from injury from the exposure to diesel fuel. We cannot say that Conrail negligently failed to warn Gottas of this obvious danger when she was told what she would encounter. As the properties of diesel fuel are not uncommon, Conrail was not under a duty to warn Gottas of the danger of inhaling those fumes. Gottas' first assignment of error is overruled.

The trial court's judgment is affirmed.

*Judgment affirmed.*

COOK, P.J., and BAIRD, J., concur.