OPINION
{¶ 1} Appellant Erik Powell was injured in an automobile accident and applied for underinsured motorist ("UIM") benefits through two commercial insurance policies owned by his employer. The policies were issued by Appellee Grange Mutual Casualty Company ("Grange"). Appellant filed a complaint in the Columbiana County Court of Common Pleas to obtain UIM benefits under the principles set forth in Scott-Pontzer v. Liberty Mut.Fire Ins. Co. (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116. The trial court granted summary judgment to Grange on the basis of the recent case ofWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849,797 N.E.2d 1256, which overruled much of the holding and reasoning ofScott-Pontzer. Appellant argues that Galatis should not be applied retroactively to defeat his UIM claim, or, in the alternative, that he is entitled to UIM benefits even under the holding of Galatis. Although the Ohio Supreme Court has made it clear that Galatis is to be applied to all pending UIM cases, Appellant's UIM claim is invalid for additional reasons more fully explained below. The trial court correctly decided in favor of Grange, and the judgment of the trial court is affirmed.
 Factual and Procedural Background {¶ 2} The basic facts of this case are not in dispute. Appellant and his father were injured in an automobile accident on December 23, 2000, on Rt. 30 in Columbiana County. The car was owned by Appellant, and his father was driving at the time of the accident. The collision was caused by David Blake, who was insured under a policy issued by Dairyland Insurance Co. Appellant settled with the tortfeasor for the full amount of his policy, which was $20,000. Appellant later learned that his employer, Staff Right Personnel Service, LLC ("Staff Right"), maintained two insurance policies that might provide additional coverage.
 {¶ 3} On August 8, 2002, Appellant filed a complaint for declaratory relief in the Columbiana County Court of Common Pleas. Appellant sought UIM coverage pursuant to two policies issued by Grange to his employer. Policy CPP 2230087 ("CGL Policy") is a commercial general liability policy, including an automobile liability endorsement. Policy CUP 2232603 ("Umbrella Policy") is a commercial umbrella policy with limits of two million dollars.
 {¶ 4} Appellant also requested declaratory relief with respect to insurance policies issued to his father's employer. These policies were issued by National Union Fire Insurance Company. The trial court entered judgment relating to these policies on November 5, 2003, and they do not form the basis of any issues in the instant appeal.
 {¶ 5} On July 18, 2003, Grange filed a motion for summary judgment. On October 8, 2003, Appellant filed a cross-motion for summary judgment. On November 14, 2003, Grange filed a brief in opposition to Appellant's cross-motion for summary judgment, in which Grange argued, in part, thatGalatis operated to defeat Appellant's UIM claim. On November 28, 2003, Appellant filed a supplement memorandum in which he challenged the application of Galatis to this case. Appellant also asserted that, underGalatis, an employee must be acting within the course and scope of employment in order to qualify for uninsured/underinsured ("UM/UIM") benefits under a corporate automobile liability policy. Appellant maintained that he was traveling home from work at the time of the accident, and was therefore within the course and scope of employment.
 {¶ 6} On January 8, 2004, the trial court ruled in Grange's favor. The court held that Galatis applied retroactively to this case. The court also found that Appellant was on his way home from work, but was not acting within the course and scope of employment at the time of the accident. The court sustained Grange's motion for summary judgment, and dismissed the complaint.
 {¶ 7} This timely appeal was filed on January 20, 2004.
 Standard of Review {¶ 8} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court and, therefore, engages in a de novo review. Parenti v. GoodyearTire Rubber Co. (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121. Under Civ.R. 56, summary judgment is only proper when the movant demonstrates that reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Doe v. Shaffer (2000),90 Ohio St.3d 388, 390, 738 N.E.2d 1243. In making this determination, the court must view the facts in a light most favorable to the nonmoving party. Id. A fact is material when it affects the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel, Inc.
(1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186.
 {¶ 9} When moving for summary judgment, a party must produce some facts that suggest that a reasonable fact-finder could rule in his or her favor. Brewer v. Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378,386, 701 N.E.2d 1023. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion,and identifying those portions of the record which demonstrate theabsence of a genuine issue of fact on a material element of the nonmovingparty's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280, 296,662 N.E.2d 264. (Emphasis in original.) The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293, 662 N.E.2d 264.
 ASSIGNMENT OF ERROR {¶ 10} Appellant asserts two arguments in his single assignment of error, which will be addressed in reverse order. Appellant's sole assignment of error states:
 {¶ 11} "The trial court erred to the prejudice of plaintiff-appellant, erik powell, in granting summary judgment in favor of defendant-appellee, grange mutual casualty complany, on plaintiff-appellant's asserted underinsured motorist claims against grange business auto policy number CPP 2230087 and against grange umbrella liability policy number CUP 2232603."
 1. Retrospective application of Galatis. {¶ 12} Appellant contends that Galatis cannot be applied retroactively to this case because it was decided after the automobile accident occurred which gave rise to his claim of UIM benefits. Appellant contends that, under the rule set forth in Peerless Elec. Co. v. Bowers (1955),164 Ohio St. 209, 210, 129 N.E.2d 467, decisions of the Ohio Supreme Court must not be applied retroactively in situations, "where contractual rights have arisen or vested rights have been acquired under the prior decision." In contrast, the Ohio Supreme Court has recently ruled thatGalatis must be applied retrospectively to all pending cases, even if the law of the case doctrine would normally preclude such application.Hopkins v. Dyer, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329. This Court has also specifically ruled that the Peerless case does not preventGalatis from being applied retrospectively, and that Galatis must be applied to pending UIM appeals. Parks v. Rice, 157 Ohio App.3d 190,2004-Ohio-2477, 809 N.E.2d 1192. For these reasons, Appellant's first argument is found to be without merit.
 2. "Course and scope of employment" as per Galatis. {¶ 13} Appellant's second argument is that, even under Galatis, he is entitled to UIM benefits. Appellant contends that his claim is based on the reasoning of Scott-Pontzer, which held that an employee of a corporation is covered by a corporate automobile UM/UIM policy if the policy defined the insured as "you." Scott-Pontzer, supra,85 Ohio St.3d at 664, 710 N.E.3d 1116. Scott-Pontzer held that this reference to the corporate insured ("you") was ambiguous, because it did not clearly specify the actual persons protected by the UM/UIM provisions. Appellant submits that Galatis did not completely overruleScott-Pontzer. Instead, he argues that Galatis merely specified that the ruling of Scott-Pontzer is now limited to situations in which an employee is acting in the course and scope of employment at the time of the accident. Galatis, supra, 100 Ohio St.3d 216, 2003-Ohio-5849,797 N.E.2d 1256, at paragraph two of the syllabus.
 {¶ 14} Appellant analogizes the "course and scope of employment" requirement with principles that have developed in workers' compensation law. The appellate cases reviewing this "course and scope of employment" language in Galatis appear to agree that it derives from workers' compensation law and should be interpreted in that context. See, e.g.,Minton v. Fidelity and Guaranty Ins. Underwriters, Inc., 2nd Dist. No. 04CA13, 2004-Ohio-5814; Reese v. Fidelity Guaranty Ins. Underwriters,Inc., 8th Dist. No. 83606, 2004-Ohio-5382.
 {¶ 15} One of the basic tenets of workers' compensation law is that, "an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist." MTDProducts, Inc. v. Robatin (1991), 61 Ohio St.3d 66, 68, 572 N.E.2d 661. This is known as the "going and coming" rule. Id. The reasoning behind this rule is that, "time spent commuting is considered a private activity, not one undertaken in the service of the employer." Slagle v.White Castle Sys., Inc. (1992), 79 Ohio App.3d 210, 214, 607 N.E.2d 45.
 {¶ 16} According to Appellant, the "going and coming" rule only applies if the employee has a fixed place of employment, citing Fletcherv. Northwest Mechanical Constr. (1991), 75 Ohio App.3d 466, 472,599 N.E.2d 822. Fletcher held that the "going and coming" rule did not apply to certain employees who have a, "semifixed or temporary situs of employment." Id. This situation is characterized by an employee who is required to visit a variety of job sites for varying time periods, and in which, "traveling was an integral part of the contract between the employee and the employer, [such that] the risk of accident during travel was a risk interrelated with the nature of that employment." Id. at 474.
 {¶ 17} Appellant contends that he was acting in the course and scope of employment at the time of the accident. He claims that there is no factual dispute that his job with Staff Right was a temporary placement that required him to go to different temporary job sites each day. He asserts that these job sites were determined by his employer, and that he had no other fixed place of employment prior to traveling to these various temporary sites. Based on these assertions, Appellant concludes that there are material facts in dispute as to whether he was acting in the course and scope of employment at the time of accident.
 {¶ 18} In rebuttal, Appellee points out a variety of flaws in Appellant's argument. First and foremost, Appellee contends that Appellant's entire argument is based on supposed facts that were never presented to the trial court, and which are not contained in the official record. Appellee is correct in this assertion. Appellant's argument is based on factual assumptions about the nature of his employment, and these facts are not contained anywhere in the record. A party opposing summary judgment may not rely on mere allegations to defeat summary judgment, but rather, must be able demonstrate that there are material facts in dispute by referring to properly submitted evidence of the type described in Civ.R. 56(C), including, "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" See Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 65-66, 375 N.E.2d 46. If the nonmoving party bears the burden of proof at trial, he may not solely rely on the pleadings to defeat summary judgment. Paul v. UniroyalPlastics Co. (1988), 62 Ohio App.3d 277, 282, 575 N.E.2d 484. The nonmoving party must provide evidence sufficient to justify the court's conclusion that a reasonable jury could render a verdict in his favor. Id.
 {¶ 19} Appellant was put on notice on November 14, 2003, that Galatis
was being raised as a defense in this case. Appellant responded by filing a supplement to his motion for summary judgment on November 28, 2003, in which he made a bare assertion that he was acting in the course and scope of employment at the time of the accident. Appellant did not attach an affidavit or other permissible evidence to establish his assertions. The trial court did not rule on the motions for summary judgment until January 8, 2004. Appellant had almost two months to submit some kind of proof that he was acting in the course and scope of employment at the time of the accident, but failed to submit any such evidence.
 {¶ 20} Appellant contends that he submitted an affidavit that constitutes evidence that he was acting in the course and scope of employment. Appellant did file an affidavit on August 11, 2003. He stated that he became aware, in June of 2002, that his employer maintained insurance policies which might provide UM/UIM coverage. In his brief on appeal, Appellant makes a series of preposterous leaps in logic that this affidavit proves that he was acting in the course and scope of employment because no one ever disputed that Staff Right was a temporary job placement service, that Appellant was required to go to a different job site every day, or that employees of a job placement service do not have fixed places of employment. The reason these allegations were never disputed is because they were never asserted in the affidavit or anywhere else. None of this can be gleaned from Appellant's affidavit. There is no reason for Grange to "dispute" Appellant's mere speculations and unfounded assumptions about the nature of his employment, because Civ.R. 56 does not require a party to rebut mere speculation.
 {¶ 21} Appellant also argues that the January 8, 2004, judgment entry made a specific finding that he was "on his way home from work," and constitutes a fact that is in the record. Our review of summary judgment is de novo; any supposed factual determinations made by the trial court would not be binding on our analysis. Furthermore, assuming that Appellant was on his way home from work, that fact tells us nothing about the nature of his employment as it relates to the "course and scope of employment."
 {¶ 22} Appellant also contends that the insurance policies themselves describe Staff Right as an employment services agency. Appellant again leaps to the conclusion that this constitutes evidence that he did not have a fixed situs of employment. Appellant gives no explanation for his apparent theory that an employment agency cannot have, under any circumstances, a fixed situs employee. Appellant's rebuttal argument relies on further unsubstantiated speculation and does not overcome his basic failure to present any evidence to support his claim.
 {¶ 23} In addition, Appellant's reliance on the Fletcher case is questionable. A ruling of the Ohio Supreme Court subsequent to Fletcher
places the analysis of Fletcher in doubt. In Ruckman v. Cubby Drilling,Inc. (1998), 81 Ohio St.3d 117, 689 N.E.2d 917, the Supreme Court held that a fixed-situs employee is one who commences his or her, "substantial employment duties only after arriving at a specific and identifiable work place designated by his employer." Id. at 119. "The focus remains the same even though the employee may be reassigned to a different work place monthly, weekly, or even daily. Despite periodic relocation of job sites, each particular job site may constitute a fixed place of employment." Id. at 120. Thus, the Supreme Court appears to have rejected the Fletcher concept of "semi-fixed situs" as a relevant factor in determining whether the employee was acting in the course and scope of employment. The relevant factor is whether the employee's substantial duties begin after arriving at the work site, however transient or flexible that work site is defined by the employer.
 {¶ 24} In addition to rebutting Appellant's arguments, Appellee presents a variety of other arguments in support of the trial court's judgment. First, Appellee argues that this appeal is based on issues that cannot be argued for the first time on appeal. Appellee is referring particularly to the argument that Appellant is a semi-fixed employee who was acting in the course and scope of employment at the time of the accident. Appellee is incorrect, because Appellant did at least partially raise this argument with the trial court. (11/28/03 Supplement to Cross-Motion for Summary Judgment.) Even though Appellant failed to provide any evidence to support this argument, he did at least attempt to raise, theoretically, the argument that he satisfied the "course and scope of employment" rule set forth in Galatis.
 {¶ 25} Appellee's second additional argument is that the CGL Policy is not subject to the mandates of prior R.C. § 3937.18, which was the UM/UIM law underpinning the Scott-Pontzer decision. Appellee contends that the version of R.C. § 3937.18 that applies to this case is the version found in Sub.S.B. 267, eff. 9/21/00, which stated:
 {¶ 26} "(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are offered to persons insured under the policy due to bodily injury or death suffered by such insureds:
 {¶ 27} "(1) Uninsured motorist coverage * * *.
 {¶ 28} "(2) Underinsured motorist coverage * * *."
 {¶ 29} This particular version of R.C. § 3937.18 defined "automobile liability or motor vehicle liability policy of insurance" as:
 {¶ 30} "(L)(1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners oroperators of the motor vehicles specifically identified in the policy ofinsurance;"
 {¶ 31} "(2) Any umbrella liability policy of insurance written as excess over one or more policies described in division (L)(1) of this section." (Emphasis added.)
 {¶ 32} Appellee contends that the CGL Policy is not an, "automobile liability or motor vehicle liability policy of insurance," as defined by R.C. § 3937.18 because it does not specifically identify any automobiles and because it could not qualify as proof of financial responsibility. Appellee argues that the CGL Policy only covers unspecified "hired" and "non-owned" vehicles, which is not the type of coverage that subjects a policy to the mandates of the Sub.S.B. 267 version of R.C. § 3937.18. See, e.g., Russell v. Heritage Mut. Ins. Co., 1st Dist. No. C-030868,2004-Ohio-5851.
 {¶ 33} Appellant apparently agrees that the CGL Policy does not list any specific automobiles covered by the policy. He posits, though, that there is an ambiguity in the policy because the declaration pages fail to specify a "symbol" that identifies the "covered autos" under the policy, and that this ambiguity should be interpreted in his favor so as to provide UIM coverage. Even if we can assume that Appellant is correct about the lack of a "symbol" on the declarations pages, his argument lacks any cogent connection between that problem and UIM coverage. Since the passage of Am.Sub.H.B. 261, effective September 3, 1997, courts have agreed that an insurance policy that does not list any specific automobiles cannot qualify as proof of financial responsibility, and is therefore not subject to the mandatory aspects of prior R.C. § 3937.18.Russell v. Heritage Mut. Ins. Co., 1st Dist. No. C-030868, 2004-Ohio-5851;Bell v. Currier, 5th District No. 02-CA-10, 2003-Ohio-3294; Jump v.Nationwide Mut. Ins. Co. (Nov. 2, 2001), 2nd Dist. No. 18880. If the CGL Policy was not subject to the mandatory aspects of former R.C. § 3937.18, then it was not subject to the imposition of UIM coverage as a matter of law pursuant to Scott-Pontzer. See Russell, supra, 1st Dist. No. C-030868, ¶ 12-15. Therefore, Appellee's argument is correct.
 {¶ 34} Appellee's third additional argument is that the CGL Policy does not contain the ambiguity present in Scott-Pontzer because it explicitly narrows and defines the persons who are to be considered as "insureds" under the policy. The ambiguity in Scott-Pontzer arose because the insured was a corporation but was referred to as "you" in the policy definitions. The Supreme Court reasoned that the UM/UIM statute was intended to protect "persons" rather than automobiles. Scott-Pontzer,85 Ohio St.3d at 664, 710 N.E.2d 1116. The Supreme Court concluded that a corporation only acts through its employees, and it is these employees who must be the "persons" covered under a corporate automobile liability policy. Id.
 {¶ 35} In contrast, Appellee contends that the CGL Policy provides specific UM/UIM coverage only to officers of the corporation, and is not ambiguous as to which persons qualify as "insureds":
{¶ 36} "B. WHO IS AN INSURED
 {¶ 37} "1. You, subject to the following:
 {¶ 38} "a. If you are an individual, any `family member' is an `insured';
 {¶ 39} "b. If you are a corporation, only officers of the corporation while `occupying' a covered `auto' you own, hire or borrow and while acting within the scope of their duties in the conduct of your business are `insureds';" (CGL Policy, Business Auto Coverage Form, Ohio Amendment of Policy Provisions, Endorsement CA33.)
 {¶ 40} Nothing in R.C. § 3937.18 prohibits parties from establishing a definition of who is and who is not an "insured" under an insurance policy. Holliman v. Allstate Ins. Co. (1999), 86 Ohio St.3d 414, 416-417,715 N.E.2d 532. Grange crafted a specific and limited definition of an "insured" for purposes of UM/UIM coverage, and this definition does not contain the ambiguity present in the UM/UIM policy at issue inScott-Pontzer. See, e.g., Comeans v. Clark, 2nd Dist. No. 20239, 2004-Ohio-2420, ¶ 33; Dillen v. National Fire Ins. of Hartford, 9th Dist. No. 21471, 2003-Ohio-5777, ¶ 32. Because the CGL Policy was not ambiguous (it defined the specific persons who would receive UM/UIM coverage) the reasoning of Scott-Pontzer is inapposite and Appellant is not entitled to Scott-Pontzer coverage.
 {¶ 41} We have not found any of Appellant's arguments persuasive, and for all the aforementioned reasons, we overrule his sole assignment of error.
 Conclusion {¶ 42} The trial court ruled in favor of Grange in a dispute overScott-Pontzer UM/UIM coverage. Appellant has failed to demonstrate on appeal that there are material facts in dispute concerning the application of Galatis to this case. In particular, Appellant has failed to provide any evidence to support his claim that he was acting in the course and scope of employment at the time of the accident, as required by Galatis.
Furthermore, it appears that the insurance policies at issue are not subject to the holding of Scott-Pontzer because there is no ambiguity in the policies with respect to the specific persons defined as "insureds," and because the policies are not automobile insurance policies subject to the requirements of former R.C. § 3937.18. For all these reasons, the trial court was correct in granting summary judgment to Grange. Accordingly, the judgment of the Columbiana County Court of Common Pleas is hereby affirmed.
Donofrio, P.J., concurs.
Vukovich, J., concurs.