DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Tracy L. Dillen has appealed from a decision of the Summit County Court of Common Pleas that granted summary judgment in favor of Defendant-Appellee National Fire Insurance of Hartford ("Hartford") and Defendant-Appellee Transportation Insurance Company ("Transportation"). This Court affirms.
 I {¶ 2} On January 25, 2000, Appellant was injured in a motor vehicle accident that occurred while she was driving through the intersection of Route 21 and Grill Road in Chippewa Township, Wayne County, Ohio. David Spurlock struck the 1991 Pontiac Sunbird owned and operated by Appellant. Appellant suffered serious bodily injuries as a result of the accident. Spurlock maintained a personal automobile liability policy with State Farm Mutual Automobile Insurance Company with policy limits of $100,000. Appellant recovered up to Spurlock's policy limits. Appellant was insured for underinsured motorist coverage by Erie Insurance Company for $100,000, and she recovered up to her policy limits under this policy as well.
 {¶ 3} At the time of the accident, Appellant was employed by RD, Inc. She was not, however, operating a car owned or leased by RD, nor was she acting in the course or scope of her employment with RD at the time of the accident. RD was insured by Hartford under business auto policy No. B1 42966634. Transportation provided excess coverage to RD under umbrella policy No. B1 42966648. The coverage period of the Hartford and Transportation policies was from May 1, 1999, to May 1, 2000.
 {¶ 4} Appellant filed suit against Spurlock and numerous named defendants seeking a declaratory judgment that she was entitled to uninsured and underinsured ("UM/UIM") coverage under the policies carried by RD. During the trial court proceedings, Appellant's claims against all of the defendants except Hartford and Transportation were resolved. Hartford and Transportation filed a joint motion for summary judgment on October 7, 2002. On January 29, 2003, the trial court granted judgment in favor of Transportation and Hartford, holding that (1) because Appellant was not operating a covered auto listed in the Hartford policy, the "other owned vehicle" exclusion of the UM/UIM endorsement applied thus precluding her from coverage; and (2) because Appellant did not qualify as an "insured" under the Hartford policy, she did not qualify for excess UM/UIM coverage under Transportation's umbrella policy.
 {¶ 5} Appellant has timely appealed, asserting two assignments of error. Hartford and Transportation have cross-appealed, asserting one assignment of error.
 II {¶ 6} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. Both assignments of error on appeal to this Court put into issue the trial court's entry of summary judgment below. Therefore, we will apply the de novo standard of review when addressing each assignment of error.
 {¶ 7} In a motion for summary judgment, the moving party initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,292. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. at 293. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material showing that a genuine dispute over material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 8} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 Assignment of Error Number One
THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF [HARTFORD]."
 {¶ 9} In Appellant's first assignment of error, she has argued that the trial court erred when it granted summary judgment in favor of Hartford based on the court's determination that she was not operating a covered auto at the time of the accident and was therefore not entitled to UM/UIM coverage. Specifically, Appellant has contended that she was an insured under the Hartford policy because she was occupying a covered automobile at the time of the accident, and the "other owned vehicle" exclusion did not preclude her from coverage. We disagree.
 {¶ 10} The outcome of the case sub judice clearly depends upon the interpretation of various terms of the insurance policy and the relationship between various insurance documents. Appellee's have submitted a copy of the relevant insurance policy properly authenticated by certification as an attachment to their motion for summary judgment to the trial court.
 {¶ 11} It is well established that an insurance policy is a contract and the relationship between the insurer and the insured, the parties to the contract, is contractual in nature. Nationwide Mut. Ins.Co. v. Marsh (1984), 15 Ohio St.3d 107, 109. As such, the contract between the insured and the insurer will be interpreted so as to fulfill the intent of the parties as evidenced by the language of the contract.Skivolocki v. East Ohio Gas Co. (1974), 38 Ohio St.2d 244, 247. When determining insurance coverage, the contract will be construed "in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed." Kingv. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 211, quoting DealersDairy Products Co. v. Royal Ins. Co. (1960), 170 Ohio St. 336. If susceptible to more than one interpretation, the terms of the contract will be strictly construed against the insurer and in favor of the insured. Id.
 {¶ 12} Here, Appellant has set forth three specific reasons in support of her argument that she is an insured and thus entitled to coverage: 1) pursuant to Scott-Pontzer, she qualified as an "insured"; 2) the "other owned vehicle" exclusion did not apply to her because she was driving a covered auto at the time of the accident; and 3) the "Drive Other Car-Broadened Coverage for Named Individuals Endorsement" ("Drive Other Car Endorsement") did not eliminate the Scott-Pontzer ambiguity found in the Hartford policy. Appellants first and third arguments have been combined for ease of analysis.
A. The definition of an "insured" under the Hartford policy.
 {¶ 13} Appellant has first argued that, pursuant to the Supreme Court of Ohio's decision in Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, she meets the definition of an "insured" under the Hartford policy. In Scott-Pontzer, the court held that the corporation's employees were entitled to UIM coverage under the corporation's insurance policies. Id. at 665. To reach this result, the court had to determine if the definition of "insured" included a corporation's employees. A provision in the policy defined "insured" as:
"B. Who Is An Insured
"1. You.
"2. If you are an individual, any family member.
"3. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.
"4. Anyone for damages he or she is entitled to recover because of bodily injury sustained by another insured." Scott-Pontzer,85 Ohio St.3d at 663.
 {¶ 14} In finding that an employee was an "insured" for purposes of UM/UIM coverage, the court explained:
"[I]t would be reasonable to conclude that `you,' * * * also includes * * * employees, since a corporation can act only by and through real live persons. It would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle. Here, naming the corporation as the insured is meaningless unless the coverage extends to some person or persons — including to the corporation's employees." Scott-Pontzer, 85 Ohio St.3d at 664.
 {¶ 15} In the case at bar, the named insured is RD, and the definition of "Who Is An Insured" is identical to that found inScott-Pontzer. Thus, under Scott-Pontzer, Appellant would be an "insured." However, the Hartford policy includes a "Drive Other Car Endorsement."[1] The endorsement states that two individuals, Kerry W. Keyes and Frances E. Keyes, are additional insureds. In addition, the "Drive Other Car Endorsement" states that "[t]his endorsement changes the policy effective on the inception date of the policy unless another date is indicated below."
 {¶ 16} Appellant has argued that the "Drive Other Car Endorsement" failed to eliminate the ambiguity in the policy as defined byScott-Pontzer. She has claimed that the endorsement is ambiguous because, when read with the rest of the policy, it is unclear as to who is an insured: RD, Kerry Keyes or Frances Keyes. Hartford, on the other hand, has argued that the "Drive Other Car Endorsement" removed any ambiguity in the definition of "who is an insured" and as a result, this Court need not engage in a Scott-Pontzer analysis.
 {¶ 17} This Court has previously held that adding a named individual as an insured by way of a "Drive Other Car Endorsement," such as the one embodied in the Hartford policy, removes any Scott-Pontzer
ambiguity from the term "you" as used to define an insured for purposes of UM/UIM benefits. See Caruso v. Utica Ins. Co., 9th Dist. No. 21222,2003-Ohio-525, at ¶ 19; Thorne v. Amerisure Ins. Co., 9th Dist. No. 21137, 2002-Ohio-6123, at ¶ 29; Westfield Ins. Co. v. Galatis, 9th Dist. No. 20784, at 6. Therefore, in accord with our previous decisions on this issue, we will not apply a Scott-Pontzer analysis to the Hartford policy. We find that the "Drive Other Car Endorsement" removed any ambiguity from the policy. Consequently, we conclude that Appellant was not an "insured" under the Hartford policy.
The definition of "covered auto"
 {¶ 18} Assuming, arguendo, that Appellant was an insured, she has next contended that she is entitled to coverage under the Hartford policy because she was driving a covered auto at the time of her accident. Her argument is based upon the relationship of three declarations contained in the policy: 1) Item Two: Schedule Of Coverages ("Schedule of Coverages"); 2) Item Three: Schedule Of Covered Autos You Own And Coverages ("Schedule of Covered Autos"); and 3) Ohio Uninsured Motorists Coverage-Bodily Injury Endorsement ("`other owned auto' exclusion").
 {¶ 19} Appellant has argued that her 1991 Sunbird, which she was driving at the time of the accident, was a covered auto under the Hartford policy even though it was not listed on the "Schedule of Covered Autos." The "Schedule of Covered Autos" lists the make, model and Vehicle Identification Number ("VIN") of autos covered by the Hartford policy. It also contains a description of the types and amounts of coverage provided to each vehicle listed under the Hartford policy. Coverages include "combined single limit," "auto medical payments," and "uninsured motorists." Appellant has claimed that the only purpose of the "Schedule of Covered Autos" is to determine how much UM coverage exists for each auto covered under the Hartford policy. Her argument appears to focus on the relationship between the "Schedule of Coverages" and the "Schedule of Covered Autos." The "Schedule of Coverges" lists the types of coverage provided by the policy. Appellant has argued that because the "Schedule of Coverages" says "Refer to [the "Schedule of Covered Autos"]" to determine the amount of UM/UIM coverage carried on a particular auto, the document's only function is to determine the amount of UM/UIM coverage.
 {¶ 20} In response, Hartford has argued that the "Schedule of Covered Autos" is a list of specifically identified autos covered by the Hartford policy and because Appellant's auto is not listed, UM/UIM coverage is not available to her under the Hartford policy.
 {¶ 21} "[W]here the provisions of an insurance policy are clear and unambiguous, courts may not indulge themselves in enlarging the contract by implication in order to embrace an object distinct from that contemplated by the contract." Gomolka v. State Auto. Mult. Ins. Co. (1982), 70 Ohio St.2d 166, 168, citing Stickel v. Excess Ins. Co (1939),136 Ohio St. 49, paragraph one of the syllabus. Furthermore, "[w]e must give the words and phrases in the policy their plain and ordinary meaning." Lumbermans Mutual Casualty Co. v. Xayphonh, 9th Dist. No. 21217, 2003-Ohio-1482, at ¶ 18, citing Minor v. Allstate Ins. Co.,Inc. (1996), 111 Ohio App.3d 16, 20, appeal not allowed (1996),77 Ohio St.3d 1448.
 {¶ 22} After a careful inspection of the "Schedule of Covered Autos," we find that it performs two functions: first it informs the insured of which autos owned by the insured are covered under the policy, and second it informs the insured of the coverage amounts for each listed auto. To adopt Appellant's interpretation of the "Schedule of Covered Autos," namely that its only purpose is to determine UM/UIM coverage, would render the bulk of the document without effect. The year, make, model, VIN and non-UM/UIM coverage designations would be superfluous. Additionally, several autos listed on the "Schedule of Covered Autos" do not carry UM/UIM coverage. Therefore, if the only purpose of the document was to convey UM/UIM coverage, there would be no purpose for the presence of these autos on the list. We find this an unacceptable result and determine that the "Schedule of Covered Autos" is the list of autos covered by the Hartford policy, and because Appellant's car was not on the list, her accident was not covered by the Hartford policy.
 {¶ 23} The Third Appellate District's decision in Wright v.Small, 3rd Dist. No. 13-02-34, 2003-Ohio-971, appeal denied (2003),99 Ohio St.3d 1454, further supports our conclusion that in order to be a covered auto, the auto must be listed in the "Schedule of Covered Autos." In Wright, the court held, in pertinent part:
"Although a corporation `cannot occupy a motor vehicle [or] suffer bodily injury or death,' which is the genesis of the ambiguity found in the language of the insurance policy at issue in Scott-Pontzer, a corporation clearly can hold lawful title to motor vehicles and can acquire insurance restricted to those vehicles which it, itself, owns. There was no ambiguity within the * * * policy itself as to which autos were covered, and [Appellant's auto] was not specifically identified as one of the covered autos. Therefore, we conclude that there was no UIM coverage under [the] policy for Appellant's injuries." (Alterations sic.) Id. at ¶ 21.
 {¶ 24} Second, Appellant has argued that she was in a covered auto based on the relationship between R.C. 3937.18(J)(1) and the "other owned auto" provision of the UM endorsement. She has claimed that, according to R.C. 3937.18(J)(1), the language of the "other owned auto" exclusion is impermissibly broad and renders the endorsement void. Specifically, Appellant has argued that there is a distinction between an "insured" as referenced in the UM endorsement and a "named insured" as referenced in R.C. 3937.18(J)(1). Appellee, on the other hand, has argued that the exclusion is valid and not in contravention of R.C. 3937.18(J)(1).
 {¶ 25} R.C. 3937.17(J)(1)[2] states, in pertinent part:
"The coverages offered under [R.C. 3937.18(A)] * * * may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances:
"(1) While the insured is operating or occupying a motor vehicle owned by * * * a named insured * * * if the motor vehicle is not specifically identified in the policy under which a claim is made[.]" R.C.3937.18(J)(1).
The UM endorsement states, in pertinent part:
"C. Exclusions
"This insurance does not apply to:
"* * *
"5. `Bodily injury' sustained by:
"a. You while `occupying' or when struck by any vehicle owned by you that is not a covered "auto" for Uninsured Motorists Coverage under this Coverage Form[.]" (Emphasis omitted.)
 {¶ 26} Appellant has argued that R.C. 3937.18(J)(1) makes a distinction between an "insured" and a "named insured." The term "insured," Appellant has contended, is not interchangeable with the term "named insured." Appellant has further argued that the language of Exclusion C.5.a. of the "other owned auto exclusion" should not apply to her. According to Appellant's reading of the statute, only those autos owned by a "named insured" (viz., RD) as opposed to any insured party (viz., Appellant), trigger the exclusion. Appellant has contended that the policy language of the "other owned auto" exclusion was "[b]roader than permissible under form R.C. 3937.18(J) and is, therefore, void[.]"
 {¶ 27} We do not find the language impermissibly broad and view this issue as we did in Mazza v. Am. Continental Ins. Co., 9th Dist. No. 21192, 2003-Ohio-360. In Mazza, this Court held that the term "you" refers to both the "named insured" (i.e., the corporation) and the "insured" (i.e., the employee). Id. at ¶ 41. We further held that the term "you" must be consistently applied to exclusions from coverage, as well as inclusions for coverage. Id. at ¶ 40.
 {¶ 28} In the case sub judice, Appellant has presented the same argument as did the employee in Mazza. Appellant has essentially argued that, although the Ohio Supreme Court in Scott-Pontzer defined "you" to include a corporation and its employees, the term "you" when used in the "other owned auto" exclusion should only apply to RD. It appears that Appellant wants to take advantage of the inclusions contained in the Hartford policy, but she does not want to be bound the exclusions of the policy. We reject this interpretation of Scott-Pontzer and conclude, as we did in Mazza, that the term "you," as it is used in the "other owned auto" exclusion applies to both an insured and a named insured. Mazza,2003-Ohio-360, at ¶ 41.
 {¶ 29} Based on the foregoing analysis, we conclude that that Appellant is not an insured under the Hartford policy because the "Drive Other Car Endorsement" removed any ambiguity in the term "you." Therefore, the only insureds entitled to coverage are the corporation and those listed in the "Drive Other Car Endorsement." We further conclude that, assuming, arguendo, that Appellant was an insured, she is not entitled to UM/UIM benefits because she was not driving a covered auto at the time of her accident; her 1991 Sunbird is not on the "Schedule of Covered Autos." Consequently, the trial court did not err in granting summary judgment in favor of Hartford. Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two
"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF [TRANSPORTATION.]"
 {¶ 30} In Appellant's second assignment of error, she has argued that the trial court erred when it granted summary judgment in favor of Transportation and held that Appellant did not constitute an "insured" under Transportation's policy. She has also argued that, pursuant toKemper v. Michigan Millers Mut. Ins. Co., 98 Ohio St.3d 162,2002-Ohio-7101, Transportation did not obtain a valid rejection of UM/UIM coverage from RD, and therefore, coverage of her accident arose by operation of law. We disagree.
 {¶ 31} We first turn to the definition of an insured under Transportation's policy. Transportation's policy defines an "insured" as follows:
"SECTION II — WHO IS AN INSURED
"1. If you are designated in the declarations as:
"* * *
"c. An organization other than a partnership or joint venture, you are an insured. Your executive officers and directors are insured, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
"2. Each of the following is also an insured:
"a. Your employees, other than your executive officers and directors, but only for acts within the scope of their employment by you."
 {¶ 32} The policy requires that, in order to qualify for coverage, the claimant must be an executive officer, director, stockholder of RD, or an employee acting within the scope of employment. Because the policy specifically identifies who is an insured, there is no Scott-Pontzer ambiguity in the definition of an insured under Transportation's policy. Thus "who is an insured" is determined by the plain meaning of the words. It is undisputed that Appellant failed to meet any of these requirements. Therefore, Appellant does not meet the definition of an insured under Transportation's policy.
 {¶ 33} Assuming, arguendo, that Appellant was insured under the Transportation policy, she has argued that Transportation's policy provided stand alone UM/UIM coverage by operation of law because Transportation failed to secure a valid rejection of UM/UIM coverage from RD. Transportation responded that its policy provided excess coverage to an insured that could only be triggered by exhaustion of coverage under the Hartford policy.
 {¶ 34} First, this Court must determine if the Transportation policy is a stand alone policy or an excess policy. We must examine Section III (3)(a) of the "Commercial Umbrella Plus Coverage Part" ("Section III (3)(a)") and the "Automobile Liability Limitation Endorsement" to answer this question. Section (3)(a) states, in pertinent part:
"3. We shall only be liable for the `ultimate net loss' in excess of:
"a. The applicable limits of `scheduled underlying insurance' * * * for `incidents' covered by `scheduled underlying insurance' * * *[.] "
 {¶ 35} The "Automobile Liability Limitation Endorsement," states, in pertinent part:
"This insurance does not apply to any liability arising out of the:
"a. Ownership;
"b. Maintenance; or
"c. Use;
"of any automobile. However, this exclusion does not apply if such liability is covered by valid and collectible underlying insurance as listed in the Schedule of Underlying Insurance for the full limits shown therein, and then only for such liability for which coverage is afforded under said underlying insurance."
 {¶ 36} Applying the "ordinary and commonly understood meaning of the language employed" in the policy, the words of Section III (3)(a) and the "Automobile Liability Limitation Endorsement" are clear: coverage under Transportation's policy is triggered only when the underlying insurance has paid out its maximum. King, 35 Ohio St.3d at 211. Only after this requirement is met is the excess carrier liable for losses that exceed the limits of the underlying coverage. See Duriak v. GlobeAmerican Casualty Co. (1986), 28 Ohio St.3d 70, 72, overruled on other grounds, Miller v. Progressive Casualty Ins. Co. (1994), 69 Ohio St.3d 619,620, (holding that "the proviso in the policy predicating recovery upon compliance with the primary insurance coverage is effective to preclude recovery from the * * * policy even if we insert uninsured motorist coverage into the policy as a matter of law.") We find the triggering language of the "Automobile Liability Limitation Endorsement" particularly convincing because it specifically states that "collectible underlying insurance" must be in force and exhausted for the excess coverage to be triggered. Therefore, assuming arguendo that Appellant was an insured under Transportation's policy either by operation of law or otherwise, she is still barred from coverage because Transportation's policy is an excess policy and she failed to meet the prerequisite of exhausting coverage from the underlying policy (i.e., Hartford's policy). See Holliman v. Allstate Ins. Co. (1999), 86 Ohio St.3d 414,416.
 {¶ 37} Based on the foregoing, this Court finds that Appellant is barred from coverage under Transportation's policy because she failed to meet the definition of an "insured" under the policy. As a result, UM/UIM coverage did not arise by operation of law. The question of RD's rejection of UM/UIM coverage is irrelevant. Furthermore, because Appellant did not qualify for coverage under the Hartford policy, she failed to trigger coverage under Transportation's excess policy. Consequently, the trial court did not err in granting summary judgment in favor of Transportation. Appellant's second assignment of error lacks merit.
 Hartford's Cross-Assignment of Error
"APPELLANT IS NOT ENTITLED TO UM/UIM COVERAGE UNDER [HARTFORD'S] POLICY BECAUSE THE `DRIVE OTHER CAR-BROADENED COVERAGE FOR NAMED INDIVIDUALS ENDORSEMENT' REMOVES ANY AMBIGUITY IN THE DEFINITION OF `WHO IS AN INSURED' BY SPECIFICALLY IDENTIFYING INDIVIDUALS WHO ARE INSURED UNDER THE POLICY."
 {¶ 38} In Hartford's cross-assignment of error, it has argued that the "Drive Other Car Endorsement" embodied in the Hartford policy removed any Scott-Pontzer ambiguity from the Hartford policy because it named specific individuals as insureds. In light of our disposition of Hartford's first assignment of error, its cross-assignment of error is deemed moot. See App.R. 12(A)(1)(c).
 III {¶ 39} Appellant's assignments of error are overruled; Hartford's cross-assignment of error is moot. The judgment of the trial court is affirmed.
Judgment affirmed.
Baird, P.J., Batchelder, J. Concur.
[1] In support of its motion for summary judgment, Hartford submitted a copy of the relevant insurance policy, properly authenticated by certification. However, Appellant complained of defects in the "Drive Other Car Endorsement" as attached to Appellee's motion. Upon careful inspection, we find that both pages of the endorsement are present in the motion, albeit out of order. Because Appellant did not provide any Civ.R. 56(C) evidence to put at issue and rebut the certification of the policy, this Court will rely on the certification and give the endorsement full effect.
[2] The Ohio Supreme Court has held that "for the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." Ross v. Farmers Ins. Group of Cos. (1998),82 Ohio St.3d 281. The effective date of the RD policy was May 1, 1999, and it expired May 1, 2000. Therefore, this Court will apply the version of R.C. 3937.18 as amended by Am.Sub. H.B. 261, which became effective September 3, 1997.