DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Mark A. DeSmit, Frank DeSmit, Jr., Laura Shymkus, and the estate of Frank DeSmit, Sr., appeal from the judgment of the Lorain County Court of Common Pleas granting summary judgment in favor of Appellee, Westfield Insurance Company. This Court affirms.
 I. {¶ 2} On September 20, 2000, Appellants filed a complaint against Nationwide Insurance Company and various John Doe insurers. On January 23, 2001, Appellants amended their complaint to name Appellee as a defendant. Appellants' claims stem from an automobile accident that occurred on February 5, 1999. The accident involved Michelle McIntosh and Appellants' father, Frank P. DeSmit, Sr. At the time of the accident, DeSmit, Sr. was driving a vehicle owned by Textured Concrete Surfaces, Inc. Appellants' father died as a result of injuries suffered in the accident. In their complaint, Appellants sought additional insured/underinsured motorists ("UM/UIM") coverage from Appellee. At the time of the accident, Appellee was the insurer of Gillen Concrete Excavating, Inc. ("Gillen"), Frank DeSmit, Sr.'s employer.
 {¶ 3} On August 30, 2002, Appellee moved for summary judgment. Appellants opposed the motion, and Appellee subsequently amended its motion. Appellants again responded in opposition to the motion and the trial court granted summary judgment in favor of Appellee on August 26, 2003. Appellants timely appealed, raising two assignments of error. As both assignments of error assert that the trial court erred in granting summary judgment in favor of Appellee, this Court will address them together.
 II. ASSIGNMENT OF ERROR I
"The trial court erred as a matter of law by applying the `other owned vehicle exclusion' contained in the subject westfield policy to exclude from coverage a non-named insured [.]"
 ASSIGNMENT OF ERROR II
"The trial court erred by barring recovery for the wrongful death claim of the survivors of the decedent through application of the pertinent `other owned auto exclusion' coverage under the subject westfield policy."
 {¶ 4} In both their assignments of error, Appellants contend that the trial court erred in granting summary judgment in favor of Appellee. This Court disagrees.
 {¶ 5} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 6} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 7} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 8} The outcome of this case is dependent upon the interpretation of various provisions of the insurance policy provided by Appellee. It is well established that such a policy is a contract. Nationwide Mut. Ins. Co. v. Marsh (1984),15 Ohio St.3d 107, 109. Therefore, this Court will interpret the contract so as to fulfill the intent of the parties as evidenced by the language of the contract. Skivolocki v. East Ohio GasCo. (1974), 38 Ohio St.2d 244, 247. We will construe the language of the contract in accord with the commonly understood meaning of the language utilized and construe any ambiguity against the insurer. King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208, 211.
 {¶ 9} Appellant has argued that DeSmit, Sr. was in the course and scope of his employment when the accident occurred, making him an insured under the policy. See Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. However, even if finding that DeSmit, Sr. was covered by the policy, the plain language of the policy at issue is dispositive of Appellants' claims of coverage.
 {¶ 10} With respect to automobiles, the policy provides as follows:
"Each Of These Coverages Will Apply Only To Those Autos Shown As Covered Autos. Autos Are Shown As Covered Autos For A Particular Coverage By The Entry Of One Or More Of The Symbols From The Covered Auto Section Of The Business Auto Coverage Form Next To The Name Of The Coverage."
 {¶ 11} The policy provides UM/UIM coverage for "owned `autos' only." "Owned `autos' only" is then defined as follows:
"Only those `autos' you own * * *. This includes those `autos' you acquire ownership of after the policy begins."
 {¶ 12} We begin by noting that the vehicle driven by DeSmit, Sr. was not listed in the "Schedule of Covered Autos You Own." Further, assuming arguendo, that DeSmit, Sr. was an insured under the policy, and applying the above definition of "owned `autos' only," the vehicle still does not fall under the terms of the policy. It is undisputed that the vehicle involved in the accident was owned by Textured Concrete Surfaces, Inc. Appellants concede that the auto driven was not owned by the named insured of the Westfield policy and was in fact insured by Nationwide Insurance Company.
 {¶ 13} "There was no ambiguity within the * * * policy itself as to which autos were covered, and [the auto involved in the accident] was not specifically identified as one of the covered autos" nor included within the definition of owned autos provided by the policy. Dillen v. National Fire Ins. of Hartford, 9th Dist. No. 21471, 2003-Ohio-5777, at ¶ 23, quoting Wright v.Small, 3rd Dist. No. 13-02-34, 2003-Ohio-971, at ¶ 21. As such, the policy in question does not provide for UIM coverage for the injuries suffered by DeSmit, Sr. Id.
 {¶ 14} Further, the policy contains the following exception:
"This insurance does not apply to: * * *
"5. `Bodily injury' sustained by: * * *
"a. You while `occupying' or when struck by any vehicle owned by you that is not a covered `auto' for Underinsured Motorists Coverage under this Coverage Form[.]"
 {¶ 15} Appellants have argued that "you" when used in this exception should only apply to Gillen Concrete Excavating, the named insured. As we have previously held, the term "you" as used in an exception to coverage refers to both a named insured and an insured. Dillen, 2003-Ohio-5777, at ¶ 28; see, also, Mazza v.Am. Continental Ins. Co., 9th Dist. No. 21192, 2003-Ohio-360 (holding that the term "you" must be applied consistently to both inclusions and exclusions from coverage). As such, the trial court did not err in finding that the policy did not provide coverage for any of DeSmit, Sr.'s injuries.
 {¶ 16} Based upon our conclusion that DeSmit, Sr. was not driving a covered auto, Appellee's policy provided no coverage for his injuries. Therefore, Appellants cannot succeed on their claims based upon a survival action or a wrongful death action. Consequently, the trial court did not err in granting summary judgment in favor of Appellee. Accordingly, Appellants' assignments of error are overruled.
 III. {¶ 17} Appellants' assignments of error are overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, J., Whitmore, P.J., concur.