OPINION
{¶ 1} Lisa Ellis ("appellant"), appeals the declaratory judgment of the Trumbull County Court of Common Pleas excluding her from coverage under the Westfield Insurance Company's underinsured motorist policy ("Westfield").
 {¶ 2} On December 9, 1998, appellant, while driving her own vehicle was injured by a negligent, underinsured driver. The underinsured tortfeasor had liability coverage in the amount of $12,500. Appellant was insured by State Farm Mutual Auto Insurance Company, and had underinsured coverage of $25,000 per person. After the tortfeasor's carrier paid $12,500 and State Farm paid its limits of $25,000, less a setoff of $12,500, the parties all consented to release the tortfeasor.
 {¶ 3} At the time of the accident, appellant was employed by the University of Akron and Renal Disease Management. The University had an automobile policy with Westfield. Renal Disease Management had an auto policy with Cincinnati Insurance Company. Both employers' automobile policies contained language extending their underinsured coverage to their employees pursuant toScott-Pontzer v. Liberty Mutual Fire Insurance Co. (1999),85 Ohio St.3d 660.
 {¶ 4} Appellant made claims upon the underinsured provisions of the University's Westfield policy and Renal Disease Management's Cincinnati policy. Both companies denied coverage. Thereafter, appellant filed suit against the underinsured tortfeasor, Westfield, and Cincinnati. In response, Westfield filed a complaint for declaratory judgment seeking a finding from the trial court that its "other owned vehicle" exclusion applied because, at the time of the accident, appellant was operating a vehicle which she owned but was not listed as a covered auto under the University's Westfield policy. On December 5, 2001, Westfield filed its motion for summary judgment. On January 2, 2002, appellant filed a counter motion for summary judgment. After various reply memoranda, the trial court granted Westfield's motion for summary judgment on June 16, 2003. The instant appeal ensued.
 {¶ 5} In her sole assignment of error, appellant argues that the trial court erred when it determined that appellant was excluded from coverage under the underinsured provisions of the Westfield policy.[1]
 {¶ 6} An appellate court conducts a de novo review of a trial court's summary judgment entry. Herschell v. Rudolph, 11th Dist. No. 2001-L-069, 2002-Ohio-1688, at 7. A de novo review necessitates an independent review of the trial court's decision without deference to its determinations. Id. Summary judgment is proper when, after reviewing the evidence most strongly in the nonmoving party's favor, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id.
 {¶ 7} The rights and obligations of parties to an insurance contract are governed by the statutory law in effect at the time they entered into the contract for automobile liability insurance. Ross v. Farmers Ins. Group of Cos.,82 Ohio St.3d 281, 289, 1998 Ohio 381. The current policy became active on June 1, 1998. Therefore, the Am. Sub. H.B. No. 261 version of R.C. 3937.18 governs this action.
 {¶ 8} Former R.C. 3937.18 mandated the offering of both UM and UIM motorist coverage under automobile liability insurance policies. Miller v. Watkins, 1st Dist. No. C-030065,2004 Ohio 3132, at ¶ 13. In Martin v. Midwestern Group Ins. Co.,70 Ohio St.3d 478, 1994 Ohio 407, the Supreme Court held that the purpose of UM/UIM[2] motorist coverage is to protect persons, not vehicles, from losses which, due to the tortfeasor's lack of liability insurance, would go uncompensated. Id. at paragraph one of the syllabus. Therefore, in determining the validity of an exclusion of UM/UIM motorist coverage, a court must determine whether the exclusion conforms with R.C. 3937.18. Id. at paragraph two of the syllabus. If the exclusion conflicts with the statute's purpose, it is invalid and unenforceable. Id. at 480. The court underscored, R.C. 3937.18 is the yardstick by which all exclusions of UM/UIM motorist coverage must be measured. Id. at 481.[3]
 {¶ 9} The legislature amended R.C. 3937.18 in 1997 (Am. Sub. H.B. No. 261) to permit other owned vehicle exclusions. Baughmanv. State Farm Mut. Auto Ins. Co. (2000), 88 Ohio St.3d 480, 484. However, the amendment did not affect Martin's holding that an exclusion of UM/UIM coverage must conform to R.C. 3937.18. See, e.g., Kyle v. The Buckeye Union Ins. Co., 6th Dist. No. L-02-1166, 2003-Ohio-488, at fn 2. Consequently, in 1998, the time of contracting, R.C. 3937.18 provided:
 {¶ 10} "(A) No automobile liability or motorvehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state * * * unless both of the following coverages are offeredto persons insured under the policy for loss due to bodily injury or death suffered by such insureds:
 {¶ 11} "* * *
 {¶ 12} "(2) Under insured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protectionfor insureds thereunder against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy * * *.
 {¶ 13} "* * *
 {¶ 14} "(J) The coverages offered under division (A) of this section or selected in accordance with division (C) of this section may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances:
 {¶ 15} "(1) While the insured is operating or occupying a motor vehicle owned, by, furnished to, or available for the regular use of a named insured, * * * if the motor vehicle is not specifically identified in the policy under which a claim is made * * *." (Emphasis added.) Roberts v. Wausau Business Ins. Co.,149 Ohio App.3d 612, 622, 2002-Ohio-4734, citing, 1997 Am. Sub. H.B. No. 261.
 {¶ 16} Appellant maintains that the statute allows for an insurance policy to exclude from UM/UIM coverage only those vehicles "owned by, furnished to, or available for the regular use of the named insured" that are not "specifically identified in the policy." Appellant asserts that the vehicle she was driving was not "owned by, furnished to, or available for the regular use of the named insured," and this distinction renders the policy exclusion inapplicable because, statutorily, it can only exclude autos owned by the "named insured," that are not identified in the policy.
 {¶ 17} The "other owned vehicle" exclusion in Westfield's policy provides:
 {¶ 18} "This insurance does not apply to:
 {¶ 19} "* * *
 {¶ 20} "5. `Bodily injury' sustained by"
 {¶ 21} "a. You while `occupying' or when struck by any vehicle owned by you that is not a covered `auto' for Uninsured Motorist Coverage under this Coverage form;
 {¶ 22} "b. Any `family member' while `occupying' or when struck by any vehicle owned by that `family member' that is not a covered `auto' for Uninsured Motorists Coverage under this Coverage Form; or
 {¶ 23} "c. Any `family member' while `occupying' or when struck by any vehicle owned by you that is insured for Uninsured Motorists Coverage on a primary basis under any other Coverage Form or policy."
 {¶ 24} The exclusion in Westfield's policy states that uninsured coverage only applies to autos "you" own. Pursuant toScott-Pontzer, the term "you" includes employees of the corporate insured irrespective of where it appears in the policy.De Uzhca v. Derham, 2d Dist. No. 19106, 2002-Ohio-1814, at 10-11. Hence, "you" and "insured," as used in the policy, are essentially synonymous. See, Hall v. Kemper Ins. Cos., 4th Dist. No. 02CA17, 2003-Ohio-5457, at ¶ 65.
 {¶ 25} "[F]ormer R.C. 3937.18 permits exclusion of UM/UIM coverage only where the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured and is not specifically identified in the policy." Roberts, supra, at ¶ 60. In the current matter, appellant was not occupying a vehicle owned by, furnished to, or available for the regular use of the "named insured," i.e., the University. Although H.B. 261 resurrected the "other owned vehicle" exclusion, which was found invalid in Martin it did so only as provided in the statute. Former R.C. 3937.18(J) did not permit the specific exclusion in appellant's policy when applied to the case sub judice. Consequently, Westfield's "other owned vehicle" exclusion does not comport with former R.C. 3937.18 and is invalid as applied to the current matter.
 {¶ 26} Furthermore, in Batteiger v. Allstate Ins. Co. (Feb. 15, 2002), 2d Dist. No. 2001 CA 37, 2002 WL 242513, the Second Appellate District trenchantly identified several ambiguities in an insurance policy employing the same language as that used by Westfield. Using the logic set forth in Batteiger, the following ambiguities are apparent in Westfield's policy:
 {¶ 27} The declarations page of the Westfield policy states that "[e]ach of these coverages will apply only to those `autos' shown as covered `autos'" and lists uninsured motorist coverage. However, the uninsured motorist coverage portion of the policy does not expressly state that the insured must be in a covered auto. See, Id. at 2. One might reasonably conclude that the separate uninsured motorist coverage portion of the policy does not require an insured to be in a covered auto. Hence, when read together, the meaning of these sections is ambiguous.
 {¶ 28} Further, the policy defines "who is an insured" accordingly:
 {¶ 29} "1. You.
 {¶ 30} "2. If you are an individual, any `family member.'
 {¶ 31} "3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 32} "4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'"
 {¶ 33} The definition of "who is an insured" includes "you," "if you are an individual, any family member," and "anyone else occupying a covered auto." The third enumerated paragraph specifically states if the insured is "anyone else," he or she must be occupying a covered auto. However, the first two paragraphs, including "you" and "family members," does not specifically state that the insured must be occupying a covered auto. Thus, the policy is ambiguous as to whether the insured and family members must be occupying a covered auto.
 {¶ 34} However, Westfield points out that the "other owned vehicle" exclusions logically suggest that appellant is not covered under the circumstances of her accident because she was not driving a covered auto. However, as just indicated, the policy does not clearly require a party to be driving a covered auto. Were we to read the uninsured motorist portion of the policy to require the insured to be operating a covered auto, the exclusions set forth in the policy would be redundant: There would be no reason to exclude three specific situations addressing a non-covered auto because all situations involving non-covered autos are excluded. Id. at 3. Moreover, the "who is an insured" portion of the policy suggests that the insured and family members do not have to be occupying a covered auto. Consequently, Westfield's policy is ambiguous and reasonable susceptible to different interpretations. As we construe an insurance policy liberally in favor of the insured and strictly against the insurer, Westfield's position is without merit.
 {¶ 35} Accordingly, appellant's sole assignment of error is sustained.
 {¶ 36} Despite today's holding, however, we must briefly attend to Westfield's primary argument. In its brief, Westfield points out that the accident in which appellant was injured occurred outside the course and scope of her employment. For support, Westfield cites to appellant's deposition which was not included in the record for the case sub judice. As we are confined to a review of the record before us and no such reference is made therein, we cannot entertain Westfield's argument. However, assuming the veracity of Westfield's assertion, appellant's case would fail for reasons beyond those stated supra. To wit, in Westfield Ins. Co. v. Galatis100 Ohio St.3d 216, 2003-Ohio-5849, the Supreme Court of Ohio held that coverage under Scott-Pontzer policies does not extend to losses that do not arise within the scope of employment. If appellant's accident occurred outside the scope of her employment, as Westfield alleges, she would not be covered under the Westfield UIM coverage and thus her claim would fail as a matter of law.
 {¶ 37} Notwithstanding the foregoing paragraph, appellant's sole assignment of error has merit and the judgment of the Trumbull County Court of Common Pleas is hereby reversed and this matter is remanded for proceedings consistent with this opinion.
Ford, P.J., Christley, J., concur.
[1] Westfield does not dispute that appellant is an "insured" by operation of Scott-Pontzer's notorious ambiguous "you." Rather, Westfield maintains that appellant's status as an "insured" excludes her under the circumstances by operation of the "other owned vehicle" exclusion set forth infra.
[2] Although Martin only addressed uninsured motorist coverage, R.C. 3937.18 also addresses underinsured motorist insurance. Thus, the Martin holding applies equally to both uninsured and underinsured motorist coverage. SeeScott-Pontzer, supra, at 664.
[3] Martin acted to invalidate "other owned vehicle" exclusions to the extent that they conflicted with R.C. 3937.18's purpose of protecting people, not vehicles. However, Martin was superseded by amendments to then R.C. 3937.18(J) through HB 261, effective September 3, 1997, which allowed an insurance company to exclude insureds who were not occupying covered vehicles.