JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Mark Massari, appeals the decision of the trial court, which granted summary judgment in favor of appellee, Motorist Mutual Insurance Company. After a thorough review of the arguments and for reasons set forth below, we affirm the findings of the trial court.
 {¶ 2} The appellant was severely injured in a motorcycle accident that occurred on June 14, 2001. As a result of the accident, the appellant filed a lawsuit against the appellee on October 2, 2003, seeking insurance proceeds from underinsured motorist coverage. On June 11, 2004, the appellee filed a motion for summary judgment, arguing that the appellant was not entitled to the underinsured motorist coverage he was seeking in his complaint. On July 14, 2004, the appellant opposed the appellee's motion for summary judgment. On July 23, 2004, the appellee filed a reply to the appellant's memorandum and on August 6, 2004, the appellant filed his own motion for summary judgment, reasserting his argument for underinsured motorist coverage. In response, the appellee filed a memorandum in opposition on September 2, 2004. On March 16, 2005, the trial court granted summary judgment in favor of the appellee, finding that the appellant was not entitled to underinsured motorist coverage. On April 13, 2005, the appellant filed a notice of appeal with this court; however, his appeal was dismissed on May 25, 2005, for failure to file a brief. On June 2, 2005, the appellant filed a motion for reconsideration, which this court granted on June 8, 2005.
 {¶ 3} The event that gave rise to the present case occurred on June 14, 2001. On that day, the appellant was riding his motorcycle on Broadview Road in Parma, Ohio when he was involved in a collision with a car driven by Melanie Kravec. Kravec failed to yield the right-of-way to the appellant and instead turned in front of him, striking the front end of his motorcycle with her car. The impact of the accident threw the appellant into the air, causing him to land on the roadway pavement.
 {¶ 4} As a result of the collision, the appellant suffered multiple injuries. He received payment from two insurance companies for his injuries. Kravec had a liability insurance policy with coverage limits of $25,000 per person and $50,000 per accident. The appellant accepted payment under Kravec's insurance policy as full settlement of all claims against her. The appellant's motorcycle was also covered under an insurance policy issued by Nationwide Insurance Company. This policy included underinsured motorist coverage with limits of $100,000 per person and $300,000 per accident. The appellant received $75,000 in underinsured motorist proceeds from the policy, which represented the policy limits, less the $25,000 set off from the appellant's previous settlement with Kravec.
 {¶ 5} After settling with Kravec and Nationwide Insurance, the appellant filed an insurance claim with the appellee. The appellant owned four commercial vehicles used in his contracting business, which were insured through the appellee. Although the appellant's motorcycle was not listed as one of the four vehicles covered under his insurance policy with the appellee, his motion for summary judgment argued that the terms of the insurance policy extended coverage to his motorcycle nonetheless. The trial court disagreed and ruled that he was not entitled to recover insurance proceeds from the appellee.
 {¶ 6} The appellant now brings this appeal asserting two assignments of error for our review.
 {¶ 7} "I. The trial court erred in granting the defendant-appellee Motorist Mutual Insurance Company's motion for summary judgment.
 {¶ 8} "II. The trial court erred in denying the plaintiff-appellant Mark Massari's motion for summary judgment."
 {¶ 9} Because the appellant's assignments of error are substantially interrelated, we will address them jointly. The appellant argues that the trial court erred when it granted summary judgment in favor of the appellee and, in turn, denied his motion for summary judgment. More specifically, he asserts that the terms of his insurance policy with the appellee entitle him to underinsured motorist converge, thus satisfying the burden for summary judgment in his favor.
 {¶ 10} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
 {¶ 11} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.
 {¶ 12} In Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107, 662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied inWing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108,570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of therecord which demonstrate the absence of a genuine issue of factor material element of the nonmoving party's claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 13} The appellant argues that summary judgment in favor of the appellee was improper because his accident was covered by his insurance policy with the appellee. The appellant acknowledges that his motorcycle was not specifically identified as an insured vehicle under the policy; however, he asserts that the other owned vehicle exclusion clause in the policy, which limits recovery for uninsured vehicles, does not apply in this case. The exclusion clause upon which the appellant rests his argument states:
 {¶ 14} "This insurance does not apply to:
 {¶ 15} "`Bodily injury' sustained by:
 {¶ 16} "An insured while `occupying' or when struck by, any vehicle owned by any insured which is not a covered `auto'."
 {¶ 17} The appellee's policy defines "occupying": "As used in this endorsement: `Occupying' means in, upon, getting in, on, out or off."
 {¶ 18} The appellant argues that insurance coverage extends to his accident because he was not technically occupying his uninsured motorcycle at the time he was injured. He asserts that his injuries occurred when his body hit the roadway, thus the policy should compensate him for his injuries because he was not technically occupying the motorcycle at the time his body made contact with the roadway. We do not agree with the appellant's contentions.
 {¶ 19} In applying the appellant's logic to the present case, individuals injured in uninsured vehicles would receive insurance proceeds if they were thrown from the vehicle at the time they were injured. This creates a situation where recovery hinges upon whether an individual is injured while occupying a vehicle or when thrown from a vehicle. When analyzing the language of the insurance policy, it is clear that this was not the appellee's intent. It is apparent from the language of the policy that the appellee intended to preclude from recovery individuals who were injured as a result of occupying an uninsured vehicle. Logic dictates that when an individual is injured in an automobile accident, regardless of whether they receive injuries as a result of being thrown from the vehicle, the injury is a direct result of the impact of the accident, which generally occurs while the individual is occupying the vehicle.
 {¶ 20} This court finds that the appellant was occupying the motorcycle within the meaning of the policy at the time that he was hit by Kravec's car. Although he was thrown as a result of that impact and injured as he hit the roadway, the fact remains that the initial impact which lead to his injuries occurred while he was occupying the motorcycle.
 {¶ 21} In addition, the appellant is also precluded from recovery because his motorcycle was not covered by the appellee's insurance policy. The appellant argues that Ohio law does not limit underinsured motorist coverage to situations involving insured automobiles. This court cannot agree. The appellant sitesMartin v. Midwestern Group Ins. Co. (1994), 70 Ohio St.3d 478, as support for his argument. The court in Martin held that underinsured motorist coverage was "designed to protect persons, not vehicles," stating that other owned vehicle exclusion clauses are invalid and unenforceable as a restriction on underinsured motorist coverage. Although Martin appears to support the appellant's theory that coverage extends to uninsured vehicles, subsequent to Martin the Ohio General Assembly amended Ohio's uninsured/underinsured motorist law through amendment Am. Sub. H.B. No. 261 ("H.B. 261"). H.B. 261 allows insurers to include other owned vehicle exclusion clauses in the uninsured coverage provisions in their policies. H.B. 261 became effective on September 3, 1997 and superceded Martin by stating:
 {¶ 22} "(J) The coverages offered under division (A) of this section may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following conditions:
 {¶ 23} "(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured and under insured motorist coverages are provided."
 {¶ 24} The language in H.B. 261 was adopted by R.C.3937.18(J)(1) and cited by this court in Frazier v. NationwideMut. Ins. Co., Cuyahoga App. No. 80877, 2003-Ohio-4566. In that case, this court adopted R.C. 3937.18(J)(1) when it stated:
 {¶ 25} "While this court has not specifically ruled on Frazier's argument, we have implicitly rejected such a notion inAddie, supra. In Addie, this court precluded coverage for an insured relative who was driving a motorcycle he owned, therebyimplicitly finding the other owned auto exclusion valid andenforceable under R.C. 3937.18(J)(1)." (Emphasis added.) Id. at 10.
 {¶ 26} In Frazier, this court made it clear that, in accordance with R.C. 3937.18(J)(1), other owned vehicle exclusion clauses are valid and enforceable.
 {¶ 27} The appellant had four commercial use vehicles insured through the appellee, which included a 1989 Ford F-450, a 1983 GMC and two 1974 general trucks. Although the appellee insured those vehicles, the appellant's 1993 Harley-Davidson motorcycle was not specifically identified as one of the insured vehicles. He had purposefully chose a "symbol 7" underinsured motorist policy, which only extends coverage to vehicles specifically identified under the policy. The appellant had other options for his insurance coverage, including a "symbol 2" policy, which extends insurance coverage to all vehicles owned by the policy holder. Had he chosen the "symbol 2" policy, not only would his four commercial use trucks have been covered, but his motorcycle would have been covered as well.
 {¶ 28} It is apparent from the appellant's policy choice that he intended to cover only the commercial vehicles under appellee's policy. This conclusion is strengthened by the fact that he had a personal policy through Nationwide Insurance that covered his motorcycle, exclusive of the four commercial vehicles.
 {¶ 29} Accordingly, the appellant is not entitled to recover from the appellee for injuries resulting from the motorcycle accident. The trial court did not err when it granted summary judgment in favor of the appellee. After evaluating the evidence, the trial court found that the appellant was occupying the motorcycle at the time of the accident and that the motorcycle was not covered by his insurance policy with the appellee. In accordance with the specific terms of the insurance policy, the appellant is strictly prohibited from collecting under such circumstances. Accordingly, there is no genuine issue of material fact to litigate in this case, and we affirm the findings of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and McMonagle, J., concur.