OPINION
{¶ 1} Appellant, Timothy Yoder, appeals from the March 7, 2005 judgment entry of the Geauga County Court of Common Pleas, granting appellee, The Progressive Corporation, summary judgment on appellant's declaratory judgment action.
 {¶ 2} On January 6, 2005, the parties filed a mutual stipulation of facts which are summarized as follows:
 {¶ 3} On August 16, 2003, appellant's eighteen-year-old son, Tyler Yoder, ("the decedent") was killed in a motor vehicle accident in Florida. The decedent was riding a 1992 Suzuki motorcycle which collided with a motor vehicle operated by Gary Myszkowiak ("Myszkowiak"). Myszkowiak was covered under an automobile liability policy with Direct General Insurance Company of Florida ("Direct General"), with limits of $10,000 per person and $20,000 per accident. As a result of the accident, Direct General paid appellant the $10,000 limit. The 1992 Suzuki motorcycle operated by the decedent was owned by, registered to, and titled in the decedent's name.
 {¶ 4} At the time of the accident, appellant, dba Tim Yoder Construction, had a Commercial Automobile Policy issued by appellee. The 1992 Suzuki motorcycle was not listed as a "covered" vehicle on the policy.
 {¶ 5} Appellant filed a declaratory judgment action on April 20, 2004, seeking coverage under the uninsured motorist ("UM") portion of his Commercial Automobile Policy. Appellee filed its answer on May 20, 2004. On January 14, 2005, appellant moved the trial court for summary judgment. Several days later, on January 18, 2005, appellee filed its motion for summary judgment. On February 15, 2005, both appellant and appellee filed their respective motions in opposition to summary judgment.
 {¶ 6} On March 7, 2005, the trial court awarded summary judgment in appellee's favor. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 7} "The trial court erred in granting [appellee's] motion for summary judgment."
 {¶ 8} An appellate court reviews a trial court's award of summary judgment using a de novo standard. State Auto. Ins. v.Pasquale, 163 Ohio App.3d 381, 2005-Ohio-4897, at ¶ 10. That is, we examine the entire record independently without deference to the trial court's determinations. Id. We will affirm the trial court's judgment if, after reviewing the evidence most strongly in the nonmoving party's favor, the record demonstrates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id.; see Civ.R. 56(C).
 {¶ 9} When construing an insurance contract, the main objective is a "`reasonable construction (of the contract) in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed.'" King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208, 211, quoting Dealers Dairy Prducts Co. v. Royal Ins. Co.
(1960), 170 Ohio St. 336, paragraph one of the syllabus.
 {¶ 10} A contract possessing clear and unambiguous terms leaves no issue of fact and must be interpreted as a matter of law. Inland Refuse Transfer Co. v. Browning-Ferris Industries ofOhio, Inc. (1984), 15 Ohio St.3d 321, 322. However, where terms are ambiguous, a reviewing court strictly construes those terms against the insurer and liberally in favor of the insured.King, supra, at 211, citing Faruque v. Provident Life Acc.Ins. Co. (1987), 31 Ohio St.3d 34, syllabus, and Thompson v.Preferred Risk Mut. Ins. Co. (1987), 32 Ohio St.3d 340, 342.
 {¶ 11} With this in mind, appellant contends appellee's policy suffers from the same ambiguity as the policy reviewed by this court in Westfield Ins. Co. v. Ellis, 11th Dist. No. 2003-T-0093, 2004-Ohio-4393.
 {¶ 12} In Ellis, we held that the "other owned vehicle" exclusion appearing in Westfield's insurance policy was invalid because it failed to comport with R.C. 3937.18, the statute governing UM and underinsured motorist ("UIM") coverage exclusions. Id. at ¶ 25. We also set forth various notable ambiguities within the policy which, notwithstanding the invalid exclusion, created issues of material fact warranting a reversal. Id. at ¶ 34.
 {¶ 13} In the instant matter, unlike Ellis, the validity of appellee's exclusionary provision is not at issue.
 {¶ 14} However, appellant argues the instant policy, like the policy at issue in Ellis, is ambiguous because it does not require an insured to be occupying an insured auto to recover UM benefits under the policy. Appellant also maintains the "other owned vehicle" exclusion included in the policy is ambiguous on its face in light of the definitional ambiguities regarding coverage.
 {¶ 15} In response, appellee argues the contract is unambiguous and appellant is not entitled to coverage as a matter of law. In particular, appellee argues UM coverage may be invoked only where a party is operating a "covered" vehicle as defined in the Schedule of Covered Vehicles found in the declarations page. The motorcycle in question was not a listed vehicle in the Schedule of Covered Vehicles and thus appellant is not entitled to coverage by operation of the policy's "other owned vehicle" exclusion.
 {¶ 16} After careful consideration, we are persuaded by appellee's argument.
 {¶ 17} The declarations of the policy state: "The following coverage and limits apply to the described vehicle[s] as shown below[,]" which sets forth four vehicles covered under the policy, a 1991 Ford Super Duty, a 1999 Chevrolet S10, a 2001 Chevrolet 2500, and a 2001 Chrysler PT Cruiser. The UM coverage endorsement, which expressly predicates itself upon the "Limits of Liability shown on the Declarations," sets forth "Additional Definitions."
 {¶ 18} The UM coverage endorsement states:
"2. Insured means:
"a. if the named insured is a person:
"I. you or a relative;
"II. any other person occupying your insured auto; and
"III. any person who is entitled to recover damages covered by this endorsement because of bodily injury sustained by a person described in I. or II. above; or
"b. if the named insured is a corporation:
"I. the named insured's active chief executive officer or arelative of the named insured's chief executive officer;
"II. any other person occupying your insured auto;
"III. any person who is entitled to recover damages covered by this endorsement because of bodily injury sustained by a person describe in I. or II. above; or
"c. if the named insured is a partnership:
"I. the named insured's active partner or a relative of the named insured's active partner;
"II. any other person occupying your insured auto;
"III. any person who is entitled to recover damages covered by this endorsement because of bodily injury sustained by a person described in I. or II. above." (Emphasis sic.)
 {¶ 19} In the current matter, subsection "b." would apply to appellant as the policy was taken in the name of his company, "Tim Yoder Construction." The definition of an "insured" for UM insurance includes (1) the active CEO or his or her relative, (2) any other person occupying your insured auto, and (3) any other person entitled to damages as a result of a bodily injury caused by an individual in (1) or (2).
 {¶ 20} The 1992 Suzuki motorcycle was not listed as a "covered" vehicle under appellant's Commercial Automobile Policy.
 {¶ 21} The exclusion states:
"This insurance does not apply to:
"* * *
"2. any insured or relative while occupying or when struck by an auto owned by that insured or a relative that is not an insured auto for Uninsured Motorist Coverage under this policy." (Emphasis sic.)
 {¶ 22} We do not agree with appellant that the other owned vehicle exclusion is unclear and ambiguous. The foregoing language excludes the decedent from UIM coverage because he was injured while occupying an auto owned by him that was not an insured auto for UM coverage under the policy.
 {¶ 23} The policy clearly identifies four vehicles which are covered for UM coverage, and does not include the 1992 Suzuki motorcycle. See Massari v. Motorist Mutual Ins. Co., 8th Dist. No. 86242, 2006-Ohio-297 (holding that since the motorcycle was not a listed vehicle, it was not covered by the policy pursuant to R.C. 3937.18(J)(1)). Because the 1992 Suzuki motorcycle is not an insured auto for UM coverage under the policy, we agree with appellee that the "other owned vehicle" exclusion operates to preclude UM/UIM coverage in this case.
 {¶ 24} The declarations of appellee's policy in the instant case designate the named insured as a corporation. If the named insured is a corporation, "insured" means that anyone other than the chief executive officer and his or her relatives are insured for UM/UIM coverage only when they are occupying the insured auto (i.e., a vehicle listed or described in the policy's declarations).
 {¶ 25} Again, the 1992 Suzuki motorcycle was not listed as a "covered" vehicle under appellant's Commercial Automobile Policy. Thus, there is no genuine issue of material fact as to whether the decedent was covered under the policy.
 {¶ 26} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Geauga County Court of Common Pleas is affirmed.
Grendell, J., concurs,
Rice, J., dissents with Dissenting Opinion.