{¶ 27} I believe the instant policy contains a similar ambiguity to that found by this court in Westfield Ins. Co. v.Ellis, 11th Dist. No. 2003-T-0093, 2004-Ohio-4393. For the reasons that follow, I dissent.
 {¶ 28} In Ellis, this court determined the UM/UIM provision in the policy at issue contained ambiguities when read together with the policy's general definition of who was insured. Specifically, we observed:
 {¶ 29} "The declarations page of the Westfield policy states that `each of these coverages will apply only to those "autos" shown as covered "autos"' and lists uninsured motorist coverage. However, the uninsured motorist coverage portion of the policy does not expressly state that the insured must be in a covered auto." Id. at ¶ 27.
 {¶ 30} In the instant matter, I believe a similar ambiguity is manifest in the contract at issue. Specifically, the declarations limit coverage to four specific vehicles. However, the uninsured motorist coverage sets forth additional definitions of "who is insured" and includes: (1) the active CEO of "Tim Yoder Construction" (i.e., appellant) or his or her relative, (2) any other person occupying your insured auto and (3) any other person entitled to damages as a result of a bodily injury caused by an individual in (1) or (2).
 {¶ 31} Applying our reasoning in Ellis, the second stipulated class of "insureds" under the uninsured motorist coverage provision must be occupying an insured auto. However, the first and third stipulated classes of "insureds" do not require the insured to be occupying an insured auto. This creates an internal ambiguity as to whether the "insureds" described in the first and third classes must be occupying an insured auto. Because the declarations require an insured to be occupying one of four insured autos, but relevant portions of the uninsured motorist coverage does not so require, the two coverage statements are facially inconsistent and render the contract ambiguous regarding the nature of coverage. See, Ellis, see, also, Batteiger v. Allstate Ins. Co., 2d Dist. No. 2001 CA 37, 2002-Ohio-909.
 {¶ 32} Moreover, I believe the foregoing ambiguity creates confusion as to the meaning and impact of the "other owned vehicle" exclusion. The exclusion states
 {¶ 33} "This insurance does not apply to:
 {¶ 34} "* * *
 {¶ 35} "2. any insured or relative while occupying or when struck by an auto owned by that insured or a relative
that is not an insured auto for Uninsured Motorist Coverage under this policy." (Emphasis sic.)
 {¶ 36} The declarations indicate coverage under the policy applies only to four vehicles. However, the uninsured motorist endorsement indicates coverage applies to various individuals, including appellant and his relatives, even where they are not occupying an insured auto. As just discussed, these divergent definitions create an ambiguity regarding who may be covered under what circumstances. The "other owned vehicle" exclusion seeks to exclude coverage to any insured or relative who is occupying an auto owned by that party which is not an "insured auto for uninsured motorist coverage under the policy." Because the uninsured motorist coverage offers an alternative conception of coverage than that set forth in the declarations page, we cannot know, with certainty, what vehicles are insured for uninsured motorist coverage under the policy. Without specific direction regarding which vehicles are insured for purposes of uninsured motorist coverage under the policy, the provision is vague and unclear.
 {¶ 37} I recognize, and appellee aptly observes, that the mere absence of a definition in an insurance contract does not always render the provision in question ambiguous. NationwideMutual Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108. However, it is not the mere absence of a definition which renders relevant provisions in the instant contract ambiguous; rather, the ambiguity is a function of the differing definitions of what or who is covered under the contract in conjunction with the wording of the exclusion.
 {¶ 38} If appellee intended the vehicles listed in the declarations page to be a finite representation of the covered vehicles throughout the policy, it could have made this intent clear by omitting the suffix "for Uninsured Motorist Coverage under this policy" from the exclusion. It did not. Because a court must give effect to and not selectively ignore phrases within a contract, I believe the other owned vehicle exclusion, when viewed in light of the competing conceptions of coverage, is also unclear and ambiguous.
 {¶ 39} For the foregoing reasons, I would hold that there is a genuine issue of material fact as to whether the decedent was covered under the policy. I therefore respectfully dissent from the majority's holding and would accordingly sustain appellant's sole assignment of error.