{¶ 44} I respectfully dissent. I do not agree with the majority that the judgment of the trial court entering summary judgment in favor of Atlantic States should be reversed and remanded.
 {¶ 45} In his affidavit, Adam Butcher claimed that he was delivering a cell phone to another employee at the time of the accident, and therefore, was in the course and scope of employment. This writer notes, however, that Fred's Appliance was never made a party to the suit. In addition, any allegation that Adam Butcher was in the course and scope of employment or that he was involved in business or personal affairs of Fred's Appliance at the time of the accident was absent from the complaint, amended complaint, and third party complaint.
 {¶ 46} The 1988 Buick was not listed as a "covered" vehicle under Atlantic States' policy. Pursuant to the policy, covered autos were identified by symbols seven, eight, and nine, which state:
 {¶ 47} "7 = SPECIFICALLY DESCRIBED `AUTOS.' Only those `autos' described in ITEM THREE of the Declarations for which a premium charge is shown (and for Liability Coverage and `trailers' you don't own while attached to any power unit described in ITEM THREE).
 {¶ 48} "8 = HIRED `AUTOS' ONLY. Only those `autos' you lease, hire, rent or borrow. This does not include any `auto' you lease, hire, rent, or borrow from any of your employees or partners or members of their households.
 {¶ 49} "9 = NONOWNED `AUTOS' ONLY. Only those `autos' you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes `autos' owned by your employees or partners or members of their households but only while used in your business or your personal affairs."
 {¶ 50} With respect to symbols seven and eight, I agree with the majority that the 1988 Buick is not a covered auto under those portions of the insurance contract in question. The 1988 Buick was not described in the declarations page, and there is no language in symbol seven providing for a vehicle to be substituted for one of the specifically described autos. Also, symbol eight specifically exempts vehicles that are borrowed from employees or members of their households. In this matter, Adam Butcher was an employee and he borrowed the 1988 Buick from a member of his household, Freddie Butcher.
 {¶ 51} With regard to symbol nine, however, I disagree with the majority that the 1988 Buick was a covered auto. Although the 1988 Buick was not owned by Fred's Appliance, it was owned by its partner, Freddie Butcher, and thus, is not a "nonowned auto." Therefore, I do not believe that coverage exists pursuant to symbol nine.
 {¶ 52} The policy clearly identifies five vehicles which are covered, and does not include the 1988 Buick. See Yoder v. ProgressiveCorp., 11th Dist. No. 2005-G-2633, 2006-Ohio-5191 (holding that since the motorcycle was not a listed vehicle, it was not a "covered" vehicle under the appellant's policy); Massari v. Motorist Mutual Ins. Co., 8th Dist. No. 86242, 2006-Ohio-297 (holding that since the motorcycle was not a listed vehicle, it was not covered by the policy pursuant to R.C. 3937.18(J)(1)). I agree with Atlantic States that the 1988 Buick is not a covered auto under the policy. Freddie Butcher, a partner in Fred's Appliance and an additional insured for five named vehicles, none of which includes the 1988 Buick, did indeed own the 1988 Buick which makes it an "owned" non-covered auto.
 {¶ 53} As an aside, I feel it worthy to note that the majority indicates that the trial court "found" the following: Adam Butcher was an insured; "you" means Freddie Butcher; and Freddie Butcher is a "named insured." However, after reviewing the trial court's judgment entry, it is clear that the trial court merely referred to the pleadings and evidential materials as it understood them and did not make any inappropriate factual "findings" contrary to the dictates of Civ. R. 56.
 {¶ 54} I do not agree that the trial court erred in sustaining Atlantic States' motion for summary judgment as a matter of law.
 {¶ 55} For the foregoing reasons, I would affirm the judgment of the trial court.