{¶ 66} I respectfully dissent in this appeal because I do not agree with the reasoning or final disposition set forth in the majority opinion. The majority acknowledges that R.C. § 3937.18(J)(1), pursuant to Am. Sub. H.B. No. 261, allows an insurer to limit coverage for bodily injury or death suffered by an insured when the automobile is not specifically listed in the policy:
 {¶ 67} "(J) The coverages offered under division (A) of this section or selected in accordance with division (C) of this section may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances:
 {¶ 68} "(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured and underinsured motorist coverages are provided;"
 {¶ 69} The statute does not say that the UIM coverage restriction must be listed as part of the initial definition of who is an insured. It simply says that the policy may contain the restriction, and in this case, Appellee attempted to use a policy exclusion to implement R.C. § 3937.18(J)(1).
 {¶ 70} The majority appears to conclude that the "other owned auto" exclusion is irrelevant because the exclusion was not made a part of the initial definition of who was an "insured" under the policy.
 {¶ 71} The majority cites Westfield Ins. Co. v. Ellis, 11th Dist. No. 2003-T-0093, 2004-Ohio-4393, in support of its conclusion. I cannot accept this case as persuasive authority because the Eleventh District Court of Appeals itself appears to have repudiated it in Yoderv.Progressive Corp., 11th Dist. No. 2005-G-2633, 2006-Ohio-5191.
 {¶ 72} The majority also cites Flynn v. Westfield Ins. Co., 1st Dist. No. C-050909, 2006-Ohio-3719, in support. The plaintiff inFlynn was a partner in a law firm who was attempting to recover UIM benefits under a business auto policy issued to the law firm. The relevant sections of the insurance policy in Flynn are identical to those in the policy under review in the instant appeal. The definition of "insured" in Flynn included the same four subsets as those in the instant case:
 {¶ 73} "1. You
 {¶ 74} "2. If you are an individual, any `family member'
 {¶ 75} "3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered auto. The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction
 {¶ 76} "4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.' " Id. at ¶ 23-26.
 {¶ 77} Flynn reasoned that, under the definitions section of the policy, only the third category of insureds, defined as "anyone else," were required to be in a covered auto to receive UIM benefits, because the "covered auto" limitation was built into that part of the definition of who was an "insured." Id. at ¶ 27. If we were only considering the definitional section of the policy, this reasoning would make sense. Insurance policies, though, have other provisions, such as exclusions, that limit coverage even for those who are defined in broad terms as "insureds." The Flynn policy, and the policy now under review, used a similar "other owned auto" exclusion:
 {¶ 78} "This insurance does not apply to * * *
 {¶ 79} "5. `Bodily Injury' sustained by
 {¶ 80} "a. You while `occupying' or when struck by any vehicle owned by you that is not a covered `auto' for Uninsured Motorists Coverage under this Coverage Form." Id. atH29-31.
 {¶ 81} Flynn devoted one short paragraph to this exclusion:
 {¶ 82} "This exclusion supports an interpretation that the endorsement did not require `you' to be in a covered auto. Had the definition of `you' contained such a requirement, the `other-owned-vehicle' exclusion would have been redundant. It would have been needless to exclude non-covered autos from coverage if the definition of `you' required an insured to be in a covered auto." (Footnote omitted.) Id. at ¶ 32.
 {¶ 83} This analysis appears to make no sense. The Flynn court had already concluded that the original definition of an "insured" contained four parts, and that only the third of the four categories (the "anyone else" section) required application of a "covered auto." The definition of the first category of "insureds," simply defined as "you," did not require "you" to be in a covered auto for UIM coverage to apply. Nevertheless, that does not mean that insureds who qualify as "you" are covered for any and all situations. The policy has other provisions, other definitions, other limitations, other exclusions. When we look to the policy exclusions, we find that coverage is excluded for bodily injury suffered by "you" while occupying or struck by a vehicle owned by "you" that was not listed as a covered vehicle in the policy. I cannot see how this exclusion is needless or redundant, since it only applies to "you," and when it is clear that the original definition of "you" did not contain the restriction.
 {¶ 84} Flynn, similar to the reasoning in Ellis, seems to require all UIM policy restrictions to be incorporated into the definitional section of the policy. Normally, we read an insurance policy, like any other contract, as a whole rather than examining the definitional section in isolation. Kelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130,509 N.E.2d 411, paragraph one of the syllabus. As a matter of style it may be better to include more information in the definition of who is an insured, but we do not invalidate contract provisions based on stylistic choices.
 {¶ 85} As already stated, R.C. § 3937.18(J)(1) permits an insurer to preclude UIM coverage when an accident occurs in a vehicle owned by, furnished to, or available for the regular use of a named insured, and when that vehicle is not specifically listed in the policy. We have previously held that when this exclusion appears in the definitional section of who is an insured, it is enforceable. American ManufacturersMut. Ins. Co. v. Kurtz, 7th Dist. No. 04 MA 53, 2005-Ohio-6452. Although this exclusion could appear in the definitional section, I simply cannot fathom why it should be ignored if it appears elsewhere in the policy. Therefore, I would enforce the exclusion.
 {¶ 86} Assuming arguendo that Appellant Frank Marra was working in the course and scope of employment, and thus, was an insured under the policy, he was injured while driving a car that he owned and that was not a covered vehicle under the policy. Appellant, as an insured, falls under the "other owned auto" exclusion and should be denied UIM coverage based on the clear language of the policy as permitted by R.C. §3937.18(J)(1). See, e.g., Dillen v. Spurlock, 9th Dist. No. 21471,2003-Ohio-5777, ¶ 28-30; Mazza v. Am. Continental Ins. Co., 9th Dist. No. 21192, 2003-Ohio-360, affirmed by 100 Ohio St.3d 302,2003-Ohio-5888, 798 N.E.2d 1077. The trial court properly denied coverage, and I would affirm the judgment of the trial court. Therefore, I dissent from the majority opinion in this appeal.